In the Matter of the Opening of Gold Street, Deadwood, v. Newton.

IN THE MATTER OF THE OPENING OF GOLD STREET, DEADWOOD,
D. T., v. NEWTON.

1. BILL OF EXCEPTIONS: IRREGULAR, STRICKEN OUT. A bill of exceptions not settled and signed within the time provided by law, or such further time as ·may be allowed by the Court, will be stricken out on motion in this court.

2. PRACTICE: COUNTY COMMISSIONERS: APPEAL FROM ACTION OF: TRIAL DE NOVO: EVIDENCE. An appeal from the action of a board of county commissioners must be tried *de novo* in the District Court; and to enable this court to review the evidence offered before the board of county commissioners it must be again offered in the District Court and incorporated in a bill of exceptions.

3. COUNTY COMMISSIONERS: PUBLIC HIGHWAYS: JURISDICTION OF. The board of county commissioners have jurisdiction to declare a public highway, and to authorize the removal of obstructions therefrom.

4. PRESUMPTION OF REGULARITY. Nothing appearing in the record to the contrary, every presumption is in favor of the regularity of the proceedings below.

*Appeal from the District Court of Lawrence County.*

THE facts pertinent to the points decided are stated in the opinion.

*Gamble Bros.*, for appellant.

The power to condemn private property against the will of the owner must be strictly pursued with all constitutional and statutory limitations and directions for its exercise, and the courts will require a *strict compliance with all the conditions precedent* to the exercise of such a power. (2 Dillon on Mu. Cor., §§ 469–70, and cases cited; Cooley's Const. Limitations, 530; Cooley's Const. Limitations, 658, 660.)

If the proceedings are defective in respect to *jurisdictional requisites*, they will be void. The proceedings must show *affirmatively* that the requirements of the Statute have been complied with. (2 Dillon on Mu. Cor., 470, and cases cited; Cooley's Const. Limitations, 658.)

Jurisdiction will not be deemed to have been acquired by the board, unless the facts necessary to give jurisdiction appear *affirm-*

*atively* in the record. (*Miller v. Brown*, 56 N. Y., 383–8, and cases cited; *Crossy v. O'Brien*, 24 Ind., 325; *Commissioners of Wab. Co. v. J. L. M.*, 18 Kan., 129; *Dakin v. Hudson*, 6 Cow., 221; *The People ex rel v. Harris*, 63 N. Y., 391.)

It must appear that proper notice of the application has been given, and such notice is *jurisdictional.* It is the *basis* of jurisdiction; and if not given in the required manner, the proceedings are unauthorized and void. (2 Dillon on Mu. Cor., § 471, and cases cited; *Frizell v. Rogers*, 82 Ills., 109, and cases cited; *The State v. Anderson*, 30 Ia., 274; *The State v. Langer*, 29 Wis., 68; *The People v. Judges of Herkimer Co.*, 20 Wend., 186; *Robinson v. Mothwick*, 5 Neb., 252; *Miller v. Learn*, 2 Ore., 215; *Dupont v. Highway Commissioners*, 28 Mich., 362; *Wilson v. Berkslessen*, 45 Mo., 283.)

The resolution of the county commissioners, declaring Gold street a public highway, was unauthorized and void. Whether it was or was not a highway depended solely upon the regularity of the proceedings establishing it as such. With their action on the report of the viewers their authority in the premises ended. The power of the board of county commissioners is limited and prescribed, and their power is unauthorized, except what is expressly conferred by Statute. This resolution was determining a question of law and fact, and deprives a person of his property without due process of law; and certainly it would not be seriously contended that such a resolution had any binding effect. (1 Dillon Mu. Cor., §§ 308–12; *Yates v. Milwaukee*, 10 Wall., 497; *Underwood v. Green*, 42 N. Y., 140; *The State v. Prinn*, 25 Ia., 231.)

The general method before the Code of removing obstructions from highways was by indictment and equity. (2 Dillon Mu. Cor., § 520; *Elwell v. Green*, 26 Ia., 377; Criminal Code, 790; Cooley on Torts, 46.) But under the Code the action can be brought for both the removal of the obstruction or nuisance, and the recovery of the damages occasioned by it. (Code Civil Procedure, § 651, p. 621; Civil Code, § 2056, p. 501; 5 Waits' Practice, p. 277.)

The judgment entered herein is unauthorized and contrary to law, and void in this; that no execution could run to a road supervisor, and no such command by the Court could be given to such supervisor. For these reasons the defendant claims that the judg-

ment should be reversed, the order of the county commissioners vacated, and the case remanded, and for such other order as may be just.

*A. W. Hastie, Tripp & Boyles*, for respondent.

I.   This appeal is from the judgment, therefore, it must be decided on the judgment roll alone.  (*Tower v. Knox*, 10 Cal., 480; *Rush v. Casey*, 39 Cal., 343.)   Section 281, of the Code of Civil Procedure provides that a bill of exceptions may, upon three days notice to the adverse party, and within ten days after the entry of judgment, or such other time as may be fixed by the Court, be presented to the Judge and settled.   It appears that in this case judgment was entered on the 10th day of June, 1878, and that the bill of exceptions was settled on the 12th day of July following— more than thirty days after the entry of judgment.   And it does not appear that any order of the Court was obtained extending the time.   Bills of exception must be settled within the time prescribed by Statute, or allowed by the Court, or they will not be considered in the Appellate Court.  (*Higgins v. Mahoney*, 50 Cal., 444; *Caldwell v. Parker*, 47 Cal., 640; *Baker et al v. Arc. Ditchers*, 54 Ind., 310; *Ule v. Elery et al*, 21 Wis., 326; *Conway v. Calahan*, 121 Mass., 165; *Earl, Guardian v. Darve*, 30 Ind., 11.)

II.   Had the board of commissioners the authority to make the order appealed from?   If they had then the judgment of the District Court should be sustained, as we contend the proceedings had in laying out Gold street and other streets of Deadwood are not in the case, and we have a right to assume that the necessary steps were taken and that Gold street was a public highway as declared by the commissioners, and as found by the jury in the District Court.   Subdivision 4, section 29, Political Code, empowers the board of commissioners, among other things, "to *open*, lay out, vacate and change highways."   Assuming Gold street to have been a public highway then, we claim the board had the power to so declare, and to order obstructions removed, and it was their duty so to do.  (*Cook v. Harris et al*, 61 N. Y., 448; *Neff v. Paddock et al*, 26 Wis., 546; *Morrison v. Howe*, 120 Mass., 565; *Tuffs v. City of Charleston*, 98 Mass., 581; *Turner v. Yates*, 16 Cal., 14; *Muler v. Ehler*, 1 Otto, 249; *Beach v. Gregory*, 3 Abb., 78.)

In the Matter of the Opening of Gold Street, Deadwood, v. Newton.

The petition, notice, report of viewers, etc., found in the transcript, are not properly there, and are not a part of the judgment roll. They are not certified as part of the proceedings connected with the order appealed from. The Statute provides that in an appeal from a decision of county commissioners, the matter shall be heard and determined in the District Court *de novo*, therefore the judgment of the District Court must be based upon evidence heard in that court, and not upon the transcript of the proceedings of the commissioners. In the absence of a bill of exceptions the Supreme Court will presume that the evidence was sufficient to warrant the judgment. (§ 49, Political Code; *Chenowith v. Lockard*, 19 Ills., 351; *Shook v. Thomas*, 21 Ills., 86; *Coyne v. Boyd et al*, 55 Ind., 166; *Sharp v. Daughery*, 33 Cal., 513; *Hedly v. Commissioners*, 4 Blackf., 116.)

MOODY, J.—The proceedings coming to this court with the above anomalous title were originally commenced before the board of county commissioners of Lawrence county. These proceedings seems to have been instituted for the purpose of ascertaining and declaring a street in the town of Deadwood, known as Gold street, to be a public highway, and to direct the removal of obstructions therefrom.

From the order made by the board of county commissioners, the party above named, George H. Newton, conceiving himself aggrieved, appealed to the District Court of Lawrence county. In the District Court the cause was tried before the Court and a jury, and the verdict and judgment being an affirmance of the action of the board, Newton appeals to this court. The order made by the board, from which the appeal was taken, was as follows:

"FEBRUARY 21st, 1878.

"In the matter of opening the street known as Gold street, on the west side of Main street, taken up, and the following resolution was offered, and, on motion, adopted:

"WHEREAS, It appears to the satisfaction of this board, after due consideration of the evidence and arguments heard, and from plats and maps of Deadwood, that such street is, and was, a public highway. Now, therefore, be it

In the Matter of the Opening of Gold Street, Deadwood, v. Newton.

"*Resolved*, That such be, and the same is, hereby declared a public highway on the west side of Main street. And it is further

"*Resolved* and *ordered*, That the supervisor of Deadwood precinct be, and he is hereby authorized, to remove the building known as the Newton building, the same being an obstruction of such highway, and to give the parties occupying such building notice of such removal."

The transcript brought to this court contains what purports to be the evidence adduced before the board of county commissioners, both documentary and oral, upon which the order was based, and also what purports to be the proceedings before the District Court. What purports to be the evidence before the board of county commissioners is in no way authenticated to this court, except by the certificate of the District Court clerk, in the usual form. Nor is any proper bill of exceptions brought here containing the proceedings before the District Court; but under date of July 12th, 1878, there appears a certificate of the then presiding Judge, certifying that "inasmuch as the matters aforesaid do not appear of record, the counsel for the defendant presents the bill of exceptions, and prays that the same may be signed and sealed by the Court and made a part of the record in said cause, and it is done accordingly."

There is no heading or commencement to a bill of exceptions, and nothing to designate how much of the "aforesaid matters" are intended to be embraced in said certificate; and inasmuch as some proceedings were had long after the entry of judgment, and shortly before the date of such certificate, it is difficult to determine what was intended to be embraced by it. However in the view we have taken of this case, this difficult problem we are not obliged to resolve.

The first question which is presented for our determination, arises upon the motion, in this court, of the counsel appearing for the parties interested in sustaining the judgment,—to strike out and eliminate from the record all, except the order of the board appealed from,—the verdict, and judgment, and notice of appeal, including whatever may be deemed a part of the alleged bill of exceptions, upon the ground that it forms no part properly of the record, and was not a proper part of the judgment roll.

It seems this cause was tried in the District Court at the March,

154 SUPREME COURT OF DAKOTA.

In the Matter of the Opening of Gold Street, Deadwood, v. Newton.

1878 term, of that court; that after such term, had adjourned without day, and more than thirty days after the entry of judgment, the counsel for Newton presented to the Judge, who presided at the trial, this bill of exceptions, if it may be thus denominated, and procured his signature thereto, and this without having kept alive their right to have a bill of exceptions settled and signed, by any application to the Court, or Judge, by any order of the Court, or the Judge thereof, or by any stipulation procured from the opposite party, and so far as appears without any knowledge or consent, express or implied, on the part of the counsel, or parties interested, opposing them. This, under the uniform practice of the courts, is an irregularity for which this court is bound to disregard whatever may be considered as a part of the bill of exceptions, and to treat it as no part of the record.

Using the language of Chief Justice Waite in the case of *Muller et al v. Ehlers*, 1st Otto, 251: "The power to reduce exceptions taken at the trial to form, and to have them signed and filed, is, under ordinary circumstances, confined to a time, not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the Court, during the term, or consent of the parties, save under very extraordinary circumstances."

Here we find no order of the Court, no consent of the parties, and no such circumstances, as will justify a departure from the rule. I am not unmindful of the rule of our Statute, allowing ten days after entry of judgment within which to present the bill of exceptions to the Judge and have it settled, but in this case it was over thirty days after entry of judgment before the bill was presented and settled.

All that portion of the record purporting to be the evidence adduced before the board of county commissioners, as has been said, is in no way authenticated; and if it was, we should have to disregard it and treat it as no part of the record. By the Statute all appeals taken to the District Court from decisions of the board of county commissioners are to be heard and determined *de novo*. Whatever evidence may have been introduced before the board to be available must again be offered in the District Court, and its

being certified to by the county clerk makes it no part of the record. To preserve it for this court, it must be offered in the District Court and incorporated in the bill of exceptions, which was not done in this case. It follows the motion must be sustained. Nothing then remains for us to consider as a part of the record before us, save the order and decision appealed from, the verdict and judgment.

The proceedings relative to the opening of a public highway is a subject over which the county commissioners had ample jurisdiction. No organization of a municipality where this street is located existed to take the subject away from the board. We think the board had jurisdiction to make the order; that the District Court had jurisdiction of the appeal from their decision; that the verdict is sufficient to support the judgment, and the judgment a valid one. Nothing appearing in the record to the contrary, every presumption is in favor of the regularity of the proceedings. This judgment is

AFFIRMED.

All the Justices concurring.

## OCTOBER TERM, 1879.

PRESENT:

HON. PETER C. SHANNON, CHIEF JUSTICE.

HON. ALANSON H. BARNES, ⎫
HON. GIDEON C. MOODY, ⎬ ASSOCIATE JUSTICES.
HON JEFFERSON P. KIDDER, ⎭