### BURKHARDT v. GEORGIA SCHOOL TOWNSHIP.

1. Where a school board, having power to change the location of schoolhouses only when authorized to do so by the voters of the district (Laws 1891, Chap. 56, Subc. 5, Secs. 1, 5), contracts for the removal of a school house, it will be presumed in the absence of a contrary showing, that the board was so authorized.

2. An injunction restraining a person from performing a contract with a
   school board for the removal of a school house will excuse such person
   from performing his contract, in the absence of a showing that the in-
   junction was dissolved within such time as made it necessary for him to
   resume work.

(Opinion filed Oct. 13, 1896.)

Appeal from circuit court, Grant county.    Hon. J. O.
ANDREWS, Judge.

Action to recover the value of services.    There was a judg-
ment for plaintiff, and defendant appeals.    Reversed.

The facts are stated in the opinion.

*Thomas L. Bouck* and *H. H. Potter*, for appellant.

A school district, though generally a corporation, can ex-
ercise no powers beyond those expressly conferred by statute,
or which by necessary implication arises therefrom.    2 Am. &
Eng. Encyc. of Law 800.    Persons contracting with school cor-
porations must see at their peril that the powers of the corpor-
ation have not been exceeded.    Bank v. School District, 6 Dak.
255.    The contract, if valid, was an entire contract, and to re-
cover the respondent must show full performance.    School
Dist. v. Gandy, 25 Con. 530; Dexter v. Norton, 47 N. Y. 64;
Harmony v. Bingham, 12 N. Y. 99; Tompkins v. Dudley, 25 N.
Y. 272; Wheeler v. Ins. Co., 82 N. Y. 543; Anderson v. May, 52
N. W. 530.    The temporary injunction established nothing;
neither did it furnish any excuse.    Terney v. Ins. Co., 62 N.
W. 642; Howard v. Manderfield, 17 N. W. 946; Mathews v.
Densmore, 5 N. W. 669.    The contract was not that of appel-
lant.    Western Pub. House v. Bachman, 2 S. D. 512; Wing v.
Glick, 4 N. W. 384.

*John W. Bell* and *S. S. Lockhart*, for respondent.

Where contracts made by or with corporations are not
tainted by fraud, or expressly prohibited by statute, and have
been fully or even partially executed, so that it would be un-
just to allow a repudiation thereof by either party, the defense
of *ultra vires* will not be sustained by the courts.    Boon on

Corp. § 101; Bradley v. Ballard, 55 Ill. 417; Hurd v. Green, 17 Hun 327; Bissell v. Railroad, 22 N. Y. 258; Hitchcock v. Galveston, 96 U. S. 341, Herzo v. San Fracisco, 23 Cal. 314; City of Natchez v. Mallory, 54 Miss. 439. See, also, 7 Am. & Eng. Encyc. of Law 29; Hudson Co. v. State, 24 N. J. L. 718; Beers v. Dalles City, 18 Pac. 835; Crane v. School Dist., 28 N. W. 105; Nat. Tube Works Co. v. City of Chamberlain, 5 Dak. 54.

HANEY, J. September 17, 1891, defendant was a school corporation. Its board consisted of three members. A written contract, evidently intended to bind defendant, signed by plaintiff and each member of the board, was executed, wherein plaintiff agreed to remove a schoolhouse belonging to defendant, for which service he was to receive $85. Plaintiff began and continued its removal until informed of an order issued by the circuit court restraining defendant from making the contemplated change. The house was then a few rods from its former location, where plaintiff left it. He sues to recover the value of his services. There was a verdict and judgment for plaintiff. Defendant appealed.

At the trial plaintiff produced the contract, proved its delivery, and that it was signed by plaintiff and each member of the board. After an extended effort to overcome the objection that the authority of the board to make the contract had not been shown, it was received in evidence. It will be unnecessary to consider the rulings of the trial court made in the progress of such effort. Under the law then in force, the board could change the location of defendant's schoolhouses only when authorized to do so by the voters of the district. Laws 1891, Chap. 56, Subc. 5, §§ 1, 5. But, the subscribing and delivering of the contract having been proven, the court should have presumed the board was authorized by the voters to select a new site, and should have received the contract without further preliminary proof. In absence of any evidence to the contrary, it should have been regarded as valid, and the jury should have been so instructed.

Plaintiff offered a restraining order, issued by the circuit court in an action against defendant, which was objected to as irrelevant and immaterial, and for the reason it did not excuse plaintiff from performing the contract, and was only proof of the fact that an injunction was issued. It enjoined defendant, its employes, agents, and other persons acting in its behalf from removing a school building, evidently the one involved in this action. It will be presumed the court issuing it had jurisdiction. If it had, and if plaintiff had continued his work after notice of its issuance, he would have been guilty of contempt. Freeman v. City of Huron (S. D.) 66 N. W. 928; State v. Knight, 3 S. D. 509, 54 N. W. 412. It was not plaintiff's duty to have the injunction dissolved. If, as a matter of fact, it was dissolved within such time as made it necessary for plaintiff to resume work under the contract, such fact should have been shown by defendant. From the record before us we can only infer that the order is still in force. It was plaintiff's right and duty to stop work when he did. Then there was a contract, *prima facie*, valid partially performed. Whether plaintiff should recover was a question of law, and the only duty for the jury, in any event, was to determine the amount of recovery, guided by proper instructions as to the measure of damages. The contract was one of employment. Comp. Laws, § 3751. Plaintiff quit the service of his employer for good cause. He is entitled to such proportion of the compensation which would become due in case of full performance as the services which he rendered bear to the services which he was to render as full performance. Comp. Laws, § 3779. The jury should have been directed to find for plaintiff, and to assess his damages according to the foregoing rule. The cause was submitted upon a substantially different theory. The judgment is reversed, and a new trial ordered.