Redfield School District No. 12, v. Redfield Independent
School District No. 20.

1. Where adjacent territory has been annexed to a city for school purposes
by its board of education, under Laws 1887, Chap. 47, § 122, authoriz-
ing the same when a majority of the electors of the territory make
application therefor, it will be presumed, in the absence of proof to
the contrary, that the board's finding to the effect that the application
was made by a majority of the electors within the territory was based
on competent proof.

2. Under Laws 1887, Chap. 47, §§ 20, 32, 33, giving county superintendents
general supervision of schools, except those of independent districts,
with authority to entertain appeals from decisions of school township
boards, a county superintendent has no power to review the action of
the school board of an independent school district in annexing adja-
cent territory as provided by Section 122, authorizing such boards to
annex adjacent territory on the application of a majority of the
electors in the territory.

3. The fact that the extreme boundary of contiguous territory is a fraction
over two miles from the limits of an independent school district
does not deprive its school board of jurisdiction to annex such terri-
tory for school purposes, under the authority conferred by Laws
1887, Chap. 47, § 122.

4. The fact that officers of an independent school district have acqui-
esced for eight years in a void decision of the county superintendent,
holding that its school board had no power to annex adjacent territory
under laws 1887, Chap. 47, § 122, authorizing the same to be done,
does not estop the district from claiming under the order of annex-
ation made by the board.

(Opinion filed February 12, 1901.)

Appeal from circuit court, Spink county. Hon. A. W. Camp-
bell, Judge.

Action by Redfield school district No. 12 against Redfield
Independent School district No. 20. From a judgment for defend-
ant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*W. F. Bruell* and*E. B. Korns,* for appellant.

*Sterling & Morse,* for respondent.


FULLER, P. J.   All other issues raised by the pleadings in this cause being eliminated by a stipulation made below and acted upon the controlling point presented by this appeal is whether the trial court was justified in decreeing that certain adjacent territory belongs to the respondent district for the purposes specified in the school laws of this state.   In 1887 respondent, with boundaries co-extensive with the limits of the city of Redfield, was organized as a school corporation; and its only claim to the territory in dispute is based upon certain proceedings had during the following year to annex the same pursuant to section 122, chap. 47, Laws of 1887, which provides that "territory outside the limits of any organized city, town or village, but adjacent thereto may be attached to such city, town or village for school purposes, upon application to the board of education of such city by a majority of the electors of such adjacent territory; and upon such application being made to the board of education they shall, if they deem it proper and to the best interests of the schools of said corporation and the territory seeking to be attached,issue an order attaching such territory to such corporation for school purposes. and to enter the same upon their journal; and such territory shall, from the date of such order, be and compose a part of such corporation for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation, and shall bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of such corporation."

That no petition signed by a majority of the electors within this

School Dist. No. 12 *v.* Ind. School Dist. No. 20.    231

Feb., 1901.]        Opinion of the Court—Fuller, P. J.

attached territory was ever presented to the respondent board, is the first point urged in support of the contention that the order of annexation is of no validity.   At the conclusion of  all the evidence, appellant, in writing, requested the court to find therefrom, as a matter of fact, that, "upon a petition of a majority of the legal voters of the hereinafter described adjacent territory, the defendant district, under the provisions of section 122, chapter 47, of the Laws of 1887, made an order purporting to annex to the defendant twenty-one sections of land theretofore belonging to and under the control of the plaintiff; that a large portion of the territory so annexed was over three miles distant from the school building belonging to the defendant."   It is shown by the duly authenticated records and the abstract now properly before us that a petition signed by fifteen resident electors · of the territory in dispute was presented to respondent, as follows:   "We, the undersigned, residents and electors of the territory adjacent to, and lying outside of the corporate limits of the city of Redfield, and including the following sections and parts of sections, to-wit:   All of sections 1, 2, 5, 6, 7, 8, 12 13, 14, 16, 17, 18, and the north half of sections 19, 20, 21 and 22, and all those portions of sections 3, 4, 9, 15 and 11, not now included within the corporate limits of said city of Redfield, all in township 116, range 64, Spink county, D. T., hereby apply to the board of education of the city of Redfield to attach the said described territory to said city for school purposes."   The order formally attaching this territory follows the above description and recites that the foregoing petition is signed by a majority of all the electors within such adjacent territory, and that "it appears to the satisfaction of said board of education that it is proper and to the best interest of the schools of said city of Redfield and of the above described adjacent territory to attach said adjacent territory to the said city of Redfield as afore-

said."   Whether its written request for a finding that a majority of the electors signed the petition precludes appellant from denying the assertion, need not be determined, because respondent had jurisdiction of the subject matter; and in the absence of anything to the contrary, it must be presumed that the board of education based its definite finding to that effect upon competent proof that the fifteen persons making the application were a majority of the electors of such adjacent territory.   As the statute does not expressly require applicants to state in the petition that they constitute a majority of the electors, such important jurisdictional matter, as well as the qualification of each signer, was of necessity determined by ulterior inquiry, the nature and extent of which would not be likely to appear in the order.   Therefore the burden was upon appellant to show a neglect of official duty in that regard, and that respondent falsified its record by the statement that "a petition has been presented to the board of education of the city of Redfield, signed by a majority of the electors of the following described adjacent territory, to-wit: * * *"   Burkhardt v. School Twp., 9 S. D. 315, 69 N. W. 16; In re Opening of Gold St., 2 Dak. 149,3 N. W. 329; Trotter v. Board, 9 Mo. 69; Kobs v. City of Minneapolis, 22 Minn. 159.   In the absence of any attempt to rebut the inference of regularity and validity arising from its recorded proceedings, the presumption that respondent performed its official duty operates in favor of the finding requested by appellant and finally made by the court, "that said petition was signed by a majority of the electors residing within the territory therein described"; and the argument of counsel that it was incumbent upon respondent to more effectually establish its authority to make the order, is untenable.

Appellant also relied upon a decision rendered by the county superintendent on the 4th day of August, 1888, holding that respondent

was without power to attach this territory, for the sole reason that the same is not, in a statutory sense, adjacent; and the action of the trial court in adjudging such order of no validity is assigned as error. The legislature that enacted the statute under which respondent proceeded, provided for the election of county superintendents by the qualified voters of the several sub-districts, giving to each "the general superintendence of the schools of his county, except those of independent districts." with express authority to entertain "appeals from the decisions of school township boards." Sections 20, 32, 33, chap. 47, Laws 1887. It is a well settled and universally applied principle that the power of such officers to hear and determine is not enlarged by implication, and any attempted exercise of jurisdiction with reference to a matter expressly withheld by the law of their creation is of no validity. The foregoing provisions, considered with all the other sections relating to the subject of education enacted by the same legislature for the purpose of creating a uniform system of school government, are conclusive upon the point that the county superintendent was without jurisdiction of the subject matter, either original or appellate, because authority to annex adjacent territory to such independent district had been expressly conferred upon its board of education, whose action the superintendent was powerless to review. As the expediency of attaching to independent districts territory outside of city limits, but adjacent thereto, was left to the board of education and a majority of the electors of such territory, there is no merit in the contention that the board was without jurisdiction to make the order, for the sole reason that the extreme boundary of such contiguous territory is a fraction over two miles from the city limits.

The fact that the officers of respondent apparently acquiesced for nearly eight years in a void decision of the county superintendent,

by allowing appellant to levy and collect taxes for school purposes on property in this adjacent territory, and the secretary of its board upon one occasion demanded and received tuition from four pupils residing therein, furnishes no equitable ground to estop the independent district from claiming under an order valid when made,and never reviewed by a legally constituted tribunal. No misrepresentation, concealment or prejudice is claimed; and manifestly appellant, who knew all the facts, and ought to have known the law, was substantially benefitted by being permitted to gather taxes into its treasury which rightfully belonged to respondent, and which the court has allowed the former to retain.

The view we have taken of the action of respondent in attaching adjacent territory pursuant to a valid statute, in force when the order was made, and the conclusion we reach concerning all that has subsequently occurred, dispose of every point urged, and render any further consideration of appellant's assignments of error unnecessary. Within the record there is nothing with which appellant has any legal cause for complaint, and the judgment appealed from is affirmed.