THE STATE BANK OF COMMERCE V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARION.

No. 15,582.   (96 Pac. 496.)

SYLLABUS BY THE COURT.

COUNTIES—*Purchasing Agent—Authority.*  A county clerk who is authorized to purchase supplies for the county can not bind the board of county commissioners to allow the account therefor by his indorsement thereon, when the supplies were not delivered and were not used by the county.

Error from Marion district court; OSCAR L. MOORE, judge.  Opinion filed June 6, 1908.  Affirmed.

*H. S. Martin,* for plaintiff in error.

*S. Burkholder,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: By informal action of the county commissioners of Marion county the county clerk was delegated as purchasing agent for the board.  The county clerk purchased several bills of books and stationery of J. G. Rogers.  Accounts therefor were duly made out, marked "O. K." by the county clerk, and sold to the plaintiff bank.  The board, upon presentation of these bills and upon being satisfied that they were just claims, allowed and paid them in the usual way.  Afterward accounts purporting to be for other bills of books and stationery were made out by J. G. Rogers, and the county clerk made the following indorsements on the account dated November 15, 1904, for $109:

"This bill will be allowed at the July meeting, 1905.
J. H. THRASHER, *County Clerk.*"

Similar indorsements were made on the other bills. These bills, so indorsed, were thereupon verified by J. G. Rogers, sold to the plaintiff bank, and were presented to, and disallowed by, the board.

The plaintiff sued as upon accounts stated, alleging

in each count that "an account was stated in writing between defendants, acting through their agent, J. H. Thrasher, and one J. G. Rogers." The answer contained a general denial. On the trial the plaintiff proved the verification and presentation of the accounts; the indorsements by the clerk; the payments by, and assignments to, the bank; and the allowance and payment of the previous bills. No proof was offered that the goods were ever delivered or that they were received or used by the county. The plaintiff relies upon the proposition that the accounts were stated, and only the defenses of fraud or mistake were available.

These were not stated accounts in the sense claimed by the plaintiff. The authority of the clerk to purchase supplies for the county did not include the power to bind the board for anything he might purchase, whether delivered or not. The county board is the tribunal provided by law to allow claims against the county. It exercises the power of the county (Gen. Stat. 1901, § 1605), and is charged with the duty to examine and settle claims. (Gen. Stat. 1901, §§ 1621, 1638.) The delegation to the county clerk of authority to order the necessary stationery and other articles did not empower him to bind the county for goods not delivered. The county board was required to examine and audit these accounts in the usual way, rejecting any that were not just claims; the county could not be held liable for goods not delivered or used. The fact that the other bills were allowed is not important. It must be presumed that the goods so paid for were received by the county.

The judgment, which was for the defendant, is affirmed.