No. 21,825.

B. F. Bush, as Receiver of The Missouri Pacific Railway Company, *Appellee*, v. Rural High-school District No. 1 in Rush County et al., *Appellants*.

Appeal from Rush district court; Albert S. Foulks, judge. Opinion filed December 14, 1918. Reversed.

*W. H. Russell*, and *Frank U. Russell*, both of La Crosse, for the appellants.

*W. P. Waggener, J. M. Challis*, both of Atchison, and *S. I. Hale*, of La Crosse, for the appellee.

*Per Curiam:* The defendants appeal from a decision overruling their demurrer to plaintiff's petition in an action to recover taxes paid under protest. Rural High-school District No. 1 in Rush county was organized under chapter 311 of the Laws of 1915, which took effect March 16, 1915. The organiza-

tion was not completed until after the third Monday in April, the time fixed by statute for the annual meeting of the district to make the necessary levy for taxes, and the levy was not made until July 2. The court overruled the demurrer on the theory that the statutory requirements as to the time when the levy is to be made are mandatory, and that a failure to act within the prescribed time renders the tax void. The same question was presented last month in the case of *Rural High-school District v. Raub*, ante, p. 757, where the school district was not organized until August, and the tax levy was made in September. It was held that the provisions of the statute fixing the time at which the tax shall be levied are not mandatory, but merely directory; that the failure to act within the prescribed time will not vitiate the levy; and that it became the duty of the county clerk to extend the levy upon the tax rolls before the books were turned over to the county treasurer. The only difference in the facts is, that in the present case, after the act of 1915 took effect, there was not sufficient time in which to organize a rural high-school district before the third Monday in April, while in the Raub case, there was a statute authorizing the formation of school districts, but the district was not, in fact, organized until August. In both cases there was no rural high-school district in existence on the third Monday in April.

Upon the authority of the Raub case, the judgment is reversed and the cause remanded with directions to sustain the demurrer.