No. 31,670

THE CITY OF INDEPENDENCE, *Plaintiff*, v. GUY SMITH, as County Clerk of Montgomery County, *Defendant*.

(26 P. 2d 268.)

Opinion filed November 11, 1933.

*Theo F. Varner,* city attorney, for the plaintiff.

*O. L. O'Brien,* of Independence, and *Richard L. Becker,* of Coffeyville, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The proceeding is one for a writ of mandamus to compel the county clerk of Montgomery county to extend on the tax rolls levies certified to him by the city of Independence.. To speed determination of the controversy, no alternative writ was issued, and the hearing was on the application for the writ and the answer to the application.

The application disclosed regular passage of an ordinance levying taxes for itemized city purposes, and directing the county clerk to extend the levies on the tax rolls. The ordinance was duly certified to the county clerk, but the county clerk refused to extend the levies, and announced his intention to extend lower levies. The application contained a statement that the total rate was not excessive, and contained the following paragraph which apparently constituted the gravamen of the action:

"That if said defendant assesses a tax upon the real and personal property in accordance with the rate prescribed by himself, there will be no lawful basis for a tax levy against any property within the city of Independence for the year 1934, and will be wholly unable to exercise the rights, powers, privileges and duties conferred upon said city by law or to levy and collect any taxes. That the only lawful way to assess real and personal property within the city of Independence for taxation purposes, is pursuant to an ordinance regularly and duly passed and adopted by the governing body of said city."

The answer pleaded the budget which had been adopted by the city, and which had been filed with the county clerk pursuant to the budget law. (Laws 1933, ch. 316, § 6.) The ordinance levies would raise amounts in excess of the budget requirements, and the county clerk proposed to reduce the levies, pursuant to section 21 of chapter 309 of the Laws of 1933, which reads:

"Any levy which may be certified to the county clerk which is in violation of the provisions of existing statutes, shall be unlawful, and in any such case it shall be unlawful for the county clerk of any county within the state to enter upon the tax roll of the county any such excessive levy; and in case of any such excess in any levy it is hereby made the duty of the county clerk and he is hereby required to reduce such levy and to extend upon the tax roll only such part thereof as will comply with the provisions of existing statutes."

This statute took effect on April 3, 1933, and the words "existing

statutes" included the budget law, chapter 316 of the Laws of 1933, which took effect on March 24, 1933.

A portion of section 6 of the budget law reads:

"The budget filed with the county clerk shall be the budget as finally adopted at the hearing herein referred to which in no event shall exceed the amounts of the various items in the budget as originally published: *Provided,* The governing body of each taxing subdivision or municipality shall not certify a levy to the county clerk which will raise an amount in excess of that portion of said budget to be derived from said tax levy, or which will exceed the maximum levies prescribed by law: *Provided, however,* The governing bodies or the electors of the school districts as the case may be, in fixing the amount or rates of levy may take into consideration and make allowance for the taxes which may not be paid and taxes which may be paid under protest, such allowance, however, shall not exceed by more than 5% the percentage of delinquency for the preceding tax year."

At the oral argument the city attorney suggested the excessive levies were made pursuant to the last proviso. The only statement contained in the application which could possibly relate to this subject was the pure conclusion referred to above, that the total rate was not excessive.

The city filed its budget and its ordinance with the county clerk. Attempt to apply the ordinance demonstrated the levies violated the budget law. The application to this court for writ of mandamus to compel compliance with the ordinance selected the statute on which the prayer for relief was based. That statute was the provision of the general tax law that the city shall certify its levies and the county clerk shall extend them. (R. S. 79-1801.) The budget law was not pleaded. No facts were pleaded disclosing that the total levy was made under the proviso of the budget law. No request was made to amend the application after the answer to it was filed. Under these circumstances, the court regards the answer as a complete answer to the application, and the levies proposed by the county clerk are lawful levies.

The writ is denied.

HUTCHISON, J., not sitting.