No. 31,563

BRELSFORD & GIFFORD COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SMITH, *Appellee.*

(31 P. 2d 25.)

Opinion filed April 7, 1934.

*Thomas Amory Lee,* of Topeka, *A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellant.

*J. F. Bell,* county attorney, and *L. C. Uhl, Jr.,* of Smith Center, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover the value of services rendered by the plaintiffs in making an audit of certain county offices in Smith county, under a written contract. A claim was presented under the cash-basis law for the services and it was disallowed by the board on May 15, 1933. Plaintiffs took an appeal in the way provided by the cash-basis law. The district court dismissed the appeal on the ground that it was without jurisdiction to hear and determine the case. It appears that in December, 1932, the commissioners employed the plaintiffs to make an audit of the offices of county clerk and probate judge. The audit was made, and on April 3, 1933, they filed a claim with the board for their services

and expenses in making the audit. The claim was disallowed on the same day, and on April 7, 1933, notice of the disallowance was given to plaintiffs. The cash-basis law was enacted at the regular 1933 session of the legislature. It provided that the publication should be made by the commissioners of all claims and obligations against the county, and this claim was not included in that publication.. Plaintiffs filed the claim again on May 13, 1933, under the provisions of chapter 319 of the Laws of 1933. This claim was again considered, but was again disallowed, and plaintiffs appealed to the district court.

Notice of appeal was filed and served upon the county clerk on May 17, 1933. An agreed statement of facts was filed in the district court, and on objection to the jurisdiction of the district court, which was sustained, the appeal was dismissed. The trial court's decision was that the plaintiffs should have appealed from the first disallowance of the claim made on April 3, 1933, and this failure precluded them from having the claim considered again by the board, and that the appeal to the district court from the disallowance on May 15 conferred no jurisdiction upon the court.

Among other things the agreed facts of the case stipulated that plaintiff made a written proposal to the board of commissioners to audit certain county offices, which was in like manner accepted by the board on December 6, 1932; that plaintiff proceeded at once to make the audit under the law, and a portion of the services was performed in December, 1932, and a part of it finished after January 9, 1933; that plaintiffs were engaged in making the audit during the period of time stated in their claim, and that the amount of their claim is the proper amount for the time for which they were employed and served. Thus it appears that there was no dispute about the contract for the audit or that the amount charged in the claim, $246.82, was the correct amount for the services rendered.

The decision of the court turns on the fact that plaintiffs did not appeal from the disallowance of the claim on April 3, 1933. The membership of the board had changed in the early part of January, 1933, and on that day they took up and disallowed the claim, notice of which was given to the plaintiffs on April 7, 1933. The cash-basis law was published and became effective on March 31, 1933, before the presentation of the claim on April 3, 1933. When the commissioners, in accordance with the cash-basis law, listed the claims and obligations of the county, the claim of plaintiffs was not allowed,

and on May 13, 1933, plaintiffs, as a creditor of the county, again presented their claim to the commissioners. It is stated in the record that the board rejected it on the ground that the old board which had entered into the agreement had no authority to bind any board after their terms of office had expired, and also that sufficient accounting for the business of the office of probate judge had not been made. These objections, however, were abandoned and the board is no longer insisting on either of them.

The cash-basis law which provided for readjustment of the financial obligations of the business of the county, and the putting of municipalities of the state on a cash basis, was in force on April 3, but no appeal was taken from the decision made on that day under either the old law, R. S. 19-223, or under the cash-basis law. The later law required the publication, as we have seen, of the claims and obligations against the county other than bonds, and the plaintiffs observed that its claim was not included in the publication made. It again presented its claim to the board, which the board considered and again rejected. From that act an appeal was taken under the cash-basis law, and upon the appeal the court held that no appeal having been taken by plaintiff within thirty days from the disallowance of the claim on April 3, 1933, in accordance with R. S. 19-223, or within the time fixed under the cash-basis law, that the claim was extinguished; that the court had no jurisdiction to consider the present appeal of disallowance made on May 15, 1933. The validity of that ruling is the question presented on this appeal.

What function did the board have to perform, and did its disallowance of the claim for the services contracted for and performed conclude the plaintiffs? The obligation under the contract and for the services performed was that of the county, and the board was its agent, a continuing agency, in the allowance and settlement of claims made against it. Did its disallowance, from which no appeal was taken, preclude the presentation again under the cash-basis law, and deprive the court of jurisdiction to consider the claim?

The effect of the presentation and disallowance of a claim has been considered by this court, and it has held that such action is not final and conclusive. In *Commissioners of Leavenworth Co. v. Keller*, 6 Kan. 510, it was held:

"The allowance of a claim by the county board is not final and conclusive. It may be reëxamined by the board itself, and on appeal may be examined

and disallowed in whole or in part by the court. And it is error to instruct the jury that the allowance of a claim by the board 'is an adjudication as binding on the parties as the judgment of a court.' " (Syl. ¶ 6.)

Chief Justice Kingman there said:

"The settlement with the board was *prima facie* evidence of the correctness of his account. Still, under the pleadings, this was a fit and proper matter to go to the jury. The settlement of an account by a county board, is not more sacred than a settlement by individuals. They act as agents of the county, . . . It is true, that the allowance was so far judicial, that an appeal could be taken from the decision, if adverse to the claimant; but not in the sense which is usually given to the word judicial. The appeal is given that the case may be heard judicially, and the method of getting the case into court is by appeal." (p. 522.)

The subject was again considered in *Comm'rs of Leavenworth Co. v. Brewer*, 9 Kan. 307, 319, where the court again remarked:

"A claim presented to the county commissioners is simply a claim presented to the county, and a refusal by them to pay it is simply a refusal of the county to pay it. And where a county refuses to pay a claim against it there seems to be no good reason why it may not be sued as well as any other corporation, or any individual, under like circumstances. It is true, that the county commissioners in some cases act in a kind of quasi judicial character, and when they do so act their determinations are final unless appealed from. But when they allow or disallow a claim against their county—against their principal— they do not act in a judicial capacity. They are not then a court, acting impartially between two contending parties, but they are simply the agents of one of the parties, and acting for such party."

In *Gillett v. Comm'rs of Lyon Co.*, 18 Kan. 410, 414, the subject was again considered, and the court said:

"When a county refuses to pay its debts, it may 'be sued' like any other corporation, or person, and no statute can be found providing otherwise. The refusal of a county, through its agents, to pay a debt, is no more a judicial determination that the county does not owe the debt, than the refusal of any other corporation, or person, through its or his agents, to pay a debt is a judicial determination that it or he does not owe the debt. The doctrine that suits against counties for debts may be maintained, is almost everywhere upheld by the courts."

In *Routh v. Finney County*, 84 Kan. 25, 113 Pac. 397, it was said by Justice Mason:

"The board of county commissioners in passing upon claims against the county does not exercise a strictly judicial function; the appeal which the statute gives from its disallowance of an account is merely a method for getting the controversy into court. The district court upon such an appeal exercises original jurisdiction." (Syl. ¶ 1.)

In the course of the opinion it was remarked:

"What is called an appeal is really only a means of getting the controversy before a court. It is a substitute for filing a petition and causing a summons to issue. The district court in the one case as in the other acquires and exercises original, and not appellate, jurisdiction." (p. 27.)

Following these authorities it must be held that the plaintiffs were not concluded by the disallowance of the claim on April 3, 1933. Payment had been refused, but no judicial determination of the claim had been made. It could be reëxamined in whole or in part by the board. The refusal of payment warranted the bringing of an action by plaintiffs or the taking of an appeal. It, as has been so often decided, is no more than a way of getting the controversy before a judicial tribunal with power to hear and adjudicate the questions involved in the claim and render a judgment thereon that is enforceable.

The cash-basis law, enacted about that time, provided that such claims held by creditors against the county should be presented within a very limited time. Plaintiffs had a claim against the county on a contract for its services and expenses, which had been refused, and it was therefore a creditor of the county. In accordance with that law they again presented it to the commissioners and it was again considered and refused. That law required dispatch and speed in order to conform with our system, and it was provided that if the claim was disallowed an appeal might be taken to the district court, and the special proceedings prescribed by it are set forth and were complied with. The appeal was taken in the way provided, and when this was done the claim was before a court for the first time with power and jurisdiction to determine all questions involved in it. Under the law the court had jurisdiction to hear and determine every legal question there was in the case, and the plaintiffs were not precluded from presenting it by the fact that the board had disallowed the same.

The judgment will therefore be reversed, and the cause remanded for a real trial of the appeal by the district court. It is so ordered.