No. 31,735

J. M. KURN and JOHN G. LONSDALE, Receivers of the Railroad and Property of the ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI, *Appellee.*

(39 P. 2d 321)

Opinion filed January 26, 1935.

*Joseph W. Jamison, E. T. Miller,* both of St. Louis, Mo., *Henry S. Conrad, L. E. Durham, Hale Houts* and *Ilus M. Lee,* all of Kansas City, Mo., for the appellants.

. *W. L. Joyce,* county attorney, *Edward H. Coughlin* and *R. E. Coughlin,* both of Paola, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this action is by the plaintiffs, the receivers of the railroad and property of the St. Louis-San Francisco Railway Company, in an action now against the board of county commissioners of Miami county, Kansas, which was by the plaintiffs commenced by filing claims with the defendant board under the cash-basis law for the recovery of excessive taxes paid under protest by the plaintiffs under tax levies of the years 1931 and 1932. The claims being rejected by the board, plaintiffs appealed to the district court of Miami county, where, after a trial and judgment for defendant, the plaintiffs again appealed.

The taxes paid under protest, which are claimed to have been excessive, were in the county general fund, the poor fund and the county road fund of the levy of 1931 and the high-school tuition fund of the levy of 1932. Plaintiffs filed these claims with the board on May 15, 1933, and they were heard and denied by the board on the same day, and appeal was taken to the district court within time.

The plaintiffs base their claims as arising on implied contracts within the meaning of section 1 of the cash-basis law, chapter 319 of the Laws of 1933, and upon the estimates made and published under the budget law, being chapter 310 of the Laws of 1931, which has since been amended and repealed by the budget law, chapter 316 of the Laws of 1933. The plaintiffs assert that the protest they made in connection with the payment was in compliance with the requirements of R. S. 1933 Supp. 79-2005, being section 1 of chapter 291 of the Laws of 1929.

The answer of the defendant board, in addition to being a general denial, included a defense of *res adjudicata* and the statute of limitations, setting out the former defense at great length in reference to a hearing had before the state tax commission upon the three claims for refund of the 1931 tax here involved and three others, where it is alleged in the answer the state tax commission

sustained the demand of the plaintiffs as to the other three items and overruled their demands as to the three items here involved, and that the plaintiffs accepted the refund from the board on the other three items and did not appeal from the adverse ruling of the tax commission as to the three claims here involved.

The plaintiffs filed a motion to strike out parts of the defendant's answer, which motion was, by the trial court, overruled. Defendant then filed its motion for judgment for defendant on the pleadings, and in connection therewith was permitted to read in evidence the order of the state tax commission in disposing of the matters, above mentioned, when heard by it. The trial court took the motion of defendant for judgment on the pleadings under advisement and proceeded with the hearing of the testimony. A request was made by plaintiffs for findings of fact and conclusions of law, and suggested findings and conclusions were furnished by plaintiffs. The trial court made some findings as to the hearing before the state tax commission, and concluded as a matter of law that the motion for judgment on the pleadings should be sustained as far as it related to the three items under the tax levy of 1931. As to the one item under the 1932 tax levy, the court found the defendant board had in good faith made the levy based upon the estimates and reports of officers and accountants, and mentioned the uncertainty as to delinquencies and failures in payment of taxes, and held, as a matter of law, that the plaintiffs could not recover. From these rulings the plaintiffs appeal to this court.

The ruling of the trial court on the motion for judgment for defendant on the pleadings was made apparently, as claimed by appellants, on the theory that the matters arising out of the 1931 tax levies were *res adjudicata*. If so, the theory or reason for the ruling was wrong, even if the ruling itself might not have been wrong. The state tax commission is an administrative body and not a judicial body, and matters can only become *res adjudicata* which are decided by a judicial body. (*Coffman v. Hall*, 107 Kan. 188, 190 Pac. 761; *Salthouse v. McPherson County*, 115 Kan. 668, 224 Pac. 70; and *Brelsford & Gifford Co. v. Smith County Comm'rs*, 139 Kan. 339, 31 P. 2d 25.) This would not overturn the legal effect of the conclusion on the motion for judgment on the pleadings regarding it either as a demurrer to the petition or claims or as a demurrer to the evidence of plaintiffs. In *Smith v. Lundy*, 103 Kan. 207, 173 Pac. 275, it was said:

"A motion for judgment on the pleadings invokes the trial court's judgment on questions of law as applied to the pleaded and conceded facts, and a judgment thereon is equivalent to a ruling on a demurrer. It is a ruling on the merits of the action or defense as presented by the pleadings (Civ. Code, § 565), and its propriety or correctness is purely a question of law." (p. 208.)

The facts and figures in the case at bar were matters from the records of the defendant, which were necessarily equivalent to being conceded. The abstract and counter abstract do not show any substantial conflict as to facts and figures, so the ruling on the motion for judgment on the pleadings was under these circumstances equivalent to a ruling on a demurrer to the petition alleging plaintiffs' claims together with the conceded facts.

We think the defense of the statute of limitations was not applicable in this case, and therefore we eliminate from further consideration in the case that question and the defense of *res adjudicata*.

This brings us to the fifth and most important assignment of error by the plaintiffs, which, in the language of the plaintiffs, is as follows:

"5. Appellants were entitled to recover and the court erred in not finding and rendering judgment for appellants for the refunds claimed. Under the constitution and budget law the levies were grossly excessive and illegal in the respects and to the amounts claimed."

The determination of the issues in this case was, at the suggestion of appellants, delayed in order to wait for the rehearing in the case of *Chicago, R. I. & P. Rly. Co. v. Paul*, 139 Kan. 795, 33 P. 2d 304. After a full and complete rehearing in that case no change was made in the decision first rendered therein on June 9, 1934, as stated in the opinion on the rehearing, reported in 140 Kan. 507, 37 P. 2d 1119. The case at bar is practically identical with the Paul case in subject matter and time, being under the same budget laws and the same cash-basis law. Another case, *State, ex rel., v. Peal*, 136 Kan. 136, 13 P. 2d 302, is very similar, but a little earlier in point of time, and was a mandamus action instead of one to recover a refund of excessive taxes paid. In the latter case it was held:

"A tax levy, within the limits of the statute, is not void because a larger amount is levied than actually required, unless the amount is so grossly excessive as to show a fraudulent purpose in making the levy." (Syl. ¶ 2.)

In the Paul case it was held:

"The action of a board of county commissioners in making higher levies of taxes for the general fund and for the road and bridge funds of the county

than the published budgetary estimates would appear to justify was not a sufficient basis for the recovery of any portion of such taxes paid by plaintiff under protest." (Syl. ¶ 1.)

It was said in the opinion:

"While the act of 1931 required more formality than theretofore in the matter of estimating fiscal requirements, and gave the taxpaying public an opportunity to protest and object to the budgetary estimates of taxing officials, it made no such fundamental difference in the pertinent law as to warrant such an action as the one instituted by plaintiff. The remedy for excessive levies was by protest and objection at the time and place prescribed in the published notice, and to be made before the excessive levies were actually made and certified to the county clerk. Unless the levies were grossly excessive, and on that point we express no opinion, plaintiff's statutory redress of timely protest and objection to the taxing officials, however inadequate, was its exclusive one." (p. 797.)

Appellants insist that the case at bar should not be governed and controlled by the decision in the Paul case, because the levies in the case at bar are grossly excessive, whereas in the Paul case they were not. The briefs nowhere attempt to furnish us with a comparison of the figures as to excessiveness, but from the figures given and furnished in the record of both cases, it appears that some of the excesses complained of in this case are greater than some of those in the Paul case, and *vice versa*. When counsel for appellants, in attempting to further distinguish this case from the Paul case, state that in the Paul case there was no contention that the tax was grossly excessive, they certainly overlooked the use of those very words occurring more than once in the rehearing brief and the phrase "greatly in excess" occurring frequently in the original brief of the railroad company. The following expression in the closing part of the opinion in the Paul case, shows, too, that this feature was in fact considered in that case:

"In *State, ex rel., v. Peal,* supra, the rule there stated tacitly recognizes the right of a taxpayer to enjoin a grossly excessive levy because of the fraud which would manifestly inhere in it; but such a grievous defect is not pleaded nor is it fairly to be inferred from the allegations of plaintiff's petition." (p. 798.)

We conclude that there was no error in the findings and conclusions as to the levy of 1932, and that all the issues involved in this case have been fully decided in former cases, particularly the Peal and Paul cases, and while we do not agree with the evident theory of the trial court in disposing of the issues as to the levies of

1931, we agree with the result reached thereon to the effect that the plaintiffs, as on a demurrer to the petition or claims and conceded facts, should not recover.

The judgment is affirmed.