No. 35,097

The School Board of Rural High-school District No. 4, in Russell County, William Warren as Director, Kelvin Baxter as Treasurer, Frank Benso as Clerk of said School District, and Frank A. Vopat, as County Clerk of Russell County, *Plaintiffs*, v. I. J. Rupp, as County Clerk of Ellis County, *Defendant*.

(106 P. 2d 669)

Opinion filed November 9, 1940.

*Glenn V. Banker*, of Russell, for the plaintiffs.
*Norman W. Jeter*, of Hays, for the defendant.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in mandamus brought by the school board of a newly organized rural high-school district which includes territory in Russell and Ellis counties and by the clerk of Russell county to compel the county clerk of Ellis county, *first*, to furnish plaintiffs a certificate of the assessed value of property in that part of the district lying in Ellis county; and, *second*, "to place the levy on his tax rolls, which may hereafter be certified to him" by the clerk of the plaintiff school board, or by the county clerk of Russell county.

In the motion for the writ filed October 8, 1940, it was alleged that the district was legally organized by the vote of the electors on July 16, 1940, and that the school board was duly elected in an election held August 16, 1940; that on September 28 the budget of the school district was approved by the school board for the calendar year 1941 in the sum of $27,875; that on October 2 the budget was filed with the county clerk of Russell county; that on October 2, 1940, the county clerk of Russell county made written request of defendant to certify to him the assessed valuation of the property of the rural high-school district situated in Ellis county, and on the next day the county superintendent of Russell county, on behalf of

the rural high-school district and the county clerk made an oral request of defendant for the assessed valuation of the property of the school district within Ellis county, and as a result of such requests defendant stated it was too late for him to furnish such valuation; that he would not provide the valuations for use by plaintiffs, nor make any levy against the property of the district within Ellis county for use of the school district during the calendar year of 1941; that he never had received any official notice of the formation of such rural high-school district; that he had prepared the tax levy for the various municipalities of Ellis county and was prepared to turn the tax rolls over to the treasurer on October 15, and that he would not have time either to compile the assessed valuation, or to spread his levy on the record. It was further alleged that the clerk of the rural high-school district is unable to calculate or furnish the tax levy to the county clerk of Russell or of Ellis county until defendant shall furnish him the assessed valuation of the property within the district in Ellis county, and that plaintiffs have no adequate remedy at law.

On October 14 the defendant filed a motion to quash the writ on the ground that it did not state facts showing plaintiffs were entitled to the relief demanded, and on the same day defendant filed an answer in which he denied generally each allegation of the writ not specifically admitted; admitted the boundaries of the rural high-school district as set forth in the motion for the writ, and that the boundaries were approved by the county commissioners and the county superintendent of Ellis county; admitted that on October 2, 1940, the county clerk of Russell county made written request on him to certify the assessed valuation of the district and territory of the rural high-school district situated in Ellis county.

Further answering, defendant alleged that he had no communication from any representative of the rural high-school district relative to any contemplated tax levy for the year 1940 until the 2d day of October; that no transcript or official notice of any kind was given to the county superintendent, or the county commissioners of Ellis county, or the defendant; that on September 19, 1940, the county clerk of Russell county certified the levy for joint school districts 29, 53 and 68, and made no mention of Rural High-school District No. 4; that G. S. 1935, 79-1801, requires all levies to be certified to the county clerk on or before the 25th day of August; that defendant had performed his work as required by law; that

on October 2, 1940, the tax rolls of Ellis county were complete and practically ready to turn over to the county treasurer; that the tax receipts had been printed, and that under G. S. 1935, 79-1803, he is required to turn the tax rolls over to the county treasurer by the first of November and is subject to a fine of five dollars per day for each day thereafter that he retains such rolls.

It was further alleged that Ellis county operates under the high-school tuition law; that the twenty-four sections of real estate in Ellis county within the area of Rural High-school District No. 4 had been included in the high-school tuition levy for Ellis county; that there are four high-school districts in Ellis county, which include about forty percent of the real estate in the county; that the remaining about sixty percent of the entire territory of Ellis county is subject to the tax levy for high-school tuition; that should the writ issue it will be necessary to revise the valuation and levy of the entire tax roll of sixty percent of Ellis county, which includes a valuation of approximately $15,000,000; that this would require at least a month's time under which to revise the tax roll, prepare new tax sheets, and make different levies, in addition to the expense to the county for the printing of new tax receipts.

It was further alleged that there are several public utilities which have property in the portion of Ellis county included in the rural high-school district, and it will be necessary to secure from the utilities the proper allocation of their valuations in the district, which would require considerable time and delay the necessary levy; that plaintiffs herein have not complied with G. S. 1935, 79-1801, and if the writ prayed for be issued the orderly assessment levy and collection of taxes in Ellis county will be disrupted and it will not be possible for defendant to turn the tax rolls over to the county by November first.

This being a matter of public concern the court, on the stipulation of the parties, set the proceeding for hearing on its merits for October 18. At that time the case was argued orally and briefs furnished.

In support of the allegations of the motion for the writ, not admitted by the answer, plaintiffs placed in evidence a transcript of the proceedings had in the organization of the district, the election of the members of the board and the preparation and filing of the budget and levy, and also, an affidavit executed by the members of the board. From the pleadings, the evidence and plaintiffs' brief, the facts may be summarized as follows:

The unincorporated village of Gorham is situated in Russell county near the west line of the county. Ellis county joins it on the west. For some years the Catholics have conducted a parochial grade school and also a high school in Gorham. Early in 1940 they concluded to discontinue the high school. Citizens of the vicinity promptly became interested in establishing a rural high school. A voluntary committee was appointed, which ascertained that the Catholic high-school building could be purchased for about $17,000 and that it would cost about $8,000 to remodel it as a rural high-school building. The area of the district was outlined so as to include 94½ sections of land in Russell county and 24 sections in Ellis county. This area was approved by the proper officers of each county and the proper steps taken for the organization of the district, to be known as Joint Rural High-school District No. 4 of Russell County, and at an election duly held July 16, 1940, the vote was favorable to the organization of the district. There was submitted also to the electors at that election the separate proposition of voting $25,000 in bonds for school buildings. This likewise carried. At a subsequent election, held after due notice, on August 16, 1940, for the election of a school board for the district, William Warren was elected director for three years, Kelvin Baxter, treasurer, for two years, and Frank Benso, clerk, for one year. From the affidavit of the directors in evidence we find "that, immediately after qualifying for their respective offices, affiants discussed among themselves and with other patrons and electors of the district the question as to whether it would be to the best interests of all concerned to purchase the Catholic parochial building or to construct a new high-school building; that within a short time it was unanimously determined by the board that a new high-school building should be built. . . ." The members of the board consulted architects and determined that a new high-school building would cost $40,000, and by September 14, 1940, had prepared a budget for the calendar year 1941 which included an item of $15,000 for new land and buildings and $5,000 for new equipment and other items for operating the school, which they planned to start in the fall of 1941, totaling $27,875. This budget was posted with a notice which reads:

"Public notice is hereby given that on the 28th day of September, 1940, at 2:00 o'clock p.m. the School Board of Rural High-school District No. 4, Russell county, Kansas, will meet at the common-school building, District 13, Gorham, Kansas, for the purpose of answering questions and hearing objections

of taxpayers relating to the proposed budget and for the purpose of considering amendments to said budget."

This was signed by the respective members of the school board. The school board met at the time and place stated in the notice and adopted the budget as proposed, and on October 2, 1940, filed the same with the county clerk of Russell county together with their certificate "that it was voted to levy a tax of not to exceed six mills for general expenses of said school district." The record does not show that this budget and levy were filed with the county clerk of Ellis county. Upon receipt of this budget and levy the county clerk of Russell county wrote to defendant, county clerk of Ellis county, advising him that the budget had been filed and that it would be necessary for the two counties to spread the tax levy for the district, asked the defendant to certify to him the valuation of the new district in his county, and stated that because the Russell county valuation was probably the larger he would have to set the levy and certify the same to defendant. On the next day the county clerk of Russell county, together with the county superintendent of that county, acting for and on behalf of the school board of the Russell Rural High-school District No. 4, called upon defendant and made an oral request for the assessed valuation of that part of the district lying in Ellis county. Defendant declined to furnish plaintiffs the assessed value of the property of the district on the ground of lack of time and that the budget had not been filed before August 25, as required by G. S. 1935, 79-1801, and he also appears to have advised plaintiffs that he declined to extend the levy on the tax rolls of Ellis county.

We now take up the legal questions involved. Plaintiffs ask that defendant be directed to furnish them the assessed valuation of that part of the property of the district within Ellis county. We think defendant was not justified in refusing to furnish this valuation. At the hearing counsel for plaintiffs advised the court that he had inquired and learned the public utility companies, upon defendant's request to do so, would furnish the value of their properties within the district in a few days, and this was not seriously controverted. The budget prepared and filed by the school board contained a certificate of a tax levy of "not to exceed six mills" (G. S. 1935, 79-1958). If taxes were to be collected, someone had to determine the exact rate of levy, not exceeding six mills, upon the property of the district, which would raise the amount called for in

the budget; or, if the amount called for in the budget was in excess of the amount which could be raised by a six-mill levy. (*City of Independence v. Smith*, 138 Kan. 484, 26 P. 2d 268.) To do that it was necessary to know the assessed value of all of the property of the district. Since the greater part of the property is in Russell county, that duty fell upon the county clerk of that county. He properly applied to defendant for the Ellis county valuation, and it should have been furnished. The provision of G. S. 1935, 79-1801, that tax levies should be certified by August 25, is directory and not mandatory. (*Rural High-school District v. Raub*, 103 Kan. 757, 176 Pac. 110; *Railway Co. v. Rural High-school District*, 103 Kan. 874, 176 Pac. 653.) The fact the budget and levy had not been filed with the county clerk of Ellis county, as required by statute (G. S. 1935, 72-3508), would not justify defendant's refusal to furnish the valuation requested. Although we hold defendant was not justified in refusing to furnish the valuation requested, because of our conclusion upon another point soon to be discussed it would be futile to direct him to do so at this time.

Plaintiffs also ask the court to direct defendant to extend on the tax rolls of the property of the district in Ellis county, taxes at the rate to be determined by the county clerk of Russell county after he has the valuation of all the taxable property in the district, and had certified to defendant the rate necessary to be levied to raise the amount of the budget. On this point plaintiffs rely strongly on the Raub case, *supra*. There a new joint rural high school was created in Jefferson county August 5, 1903. It included property in Jackson county, and also in Shawnee county. The tax levy was made September 14 and duly certified to the county clerk of each county. The county clerk of Shawnee county received this certificate September 21. He was willing to extend the levy on the tax rolls of the property of the district in the county, but questioned his authority to do so in view of the fact that the certificate had not reached him by August 25. In an original mandamus proceeding brought in this court, heard October 8 and decided November 9, the court held the fact that the certificate did not reach him until after August 25 was no reason for not extending the levy on the tax rolls, and directed him to do so. The defendant in this case pleads that such an order would make additional expense to Ellis county in view of the fact that its tax receipts had been printed before October 2, and further, that the 24 sections of Ellis county land in this rural high-school dis-

trict are a part of that area of the county which operates under the "county tuition law," and to extend the levy at this time would require him to recompute and enter levies upon about sixty percent of the real property of the county. We shall not base our decision upon this distinction between the two cases. We do note that since the decision of the Raub case the legislature has enacted G. S. 1935, 79-1807 (Laws 1927, ch. 324), which provides that any alterations, additions to, or changes in the boundaries of any school district or body politic of the state, made according to law, "shall take effect for taxation purposes on the last day of February following." We shall not take time to consider the application of this statute to the proceeding before us, or, if applicable, its effect, for we are convinced the budget prepared and levy made by the school board were not adopted in conformity to the pertinent statute.

It is clear from the record that the budget was prepared and notice given for taxpayers to make objections in accordance with G. S. 1935, 79-2929. That section specifically excepts from its operation "common-school districts, and rural high-school districts." G. S. 1935, 79-2931, provides:

"The governing bodies of all . . . rural high-school districts shall prepare and post, with the notice of the annual school meeting . . . a proposed budget of expenditures for the ensuing school year for the guidance and information of the electors at such annual school meeting. . . . The total amount of the budget for the ensuing school year as determined by the electors of any . . . rural high-school district for the ensuing school year and the amount or levy as determined shall be certified to the county clerk . . . together with a copy of the proposed budget."

Clearly the legislature made a distinction between the method of adopting a budget by common school and rural high-school districts and other taxing districts of the state. It does not do to say that one method is as good as the other. The members of the legislature did not think so, and obviously they are not the same.

An earlier statute (G. S. 1935, 72-3506) fixed a time for the annual school-district meeting and made it the duty of the school board of the rural high-school district to "make the necessary levy for taxes . . . said levy, not to exceed six mills. . . ." But neither that section nor the succeeding one (G. S. 1935, 72-3507) pertaining to the powers and duties of the school board, authorized the school board to determine the amount of money to be raised by taxation. We find no authority in the statute for determining a budget for rural high-school districts except G. S. 1935, 79-2931,

which provides for the budget to be determined by the electors of the district. This was not done. In view of the fact this district was not organized until after the time of the annual meeting for rural high-school districts we need not consider whether a special election could have been held to enable the electors of the newly formed district to determine the budget, for no such election has been held. The result is, the electors of the rural high-school district never had an opportunity to determine the amount of the budget either at an annual meeting, as provided in G. S. 1935, 79-2931, or at any special meeting called for that purpose.

While the legal reasons stated require the denial of the requested order, that defendant extend the levy which would be made by the county clerk of Russell county if the valuations were furnished, there is another reason which appeals to the discretion of the court, insofar as it has any discretion in the matter. When the electors of the district contemplated $25,000 would be sufficient to provide a high-school building they spread the burden of its payment over a term of years by a bond issue. When the school board determined, as it had a legal right to do, to erect a new building instead of buying and remodeling the old one, and found that an additional $20,000 would be needed for the building and equipment, the payment of that sum might have been spread over a term of years by a bond issue. But such a bond issue would have required a favorable vote of the electors of the district (G. S. 1935, 72-3507). It may be conceded, for the purposes of this case at least, that under proper procedure the electors of the district might have paid the entire cost of a new building and its equipment by a single tax levy instead of issuing any bonds, and had they done so this court would not have been concerned about it. Likewise, the electors, if given an opportunity, might have approved this budget at a general election called for that purpose, and if they had done so this court would not have been concerned about it. The facts are that they did not do so, and they had no opportunity to do so. Obviously this is a rural community. The court takes judicial notice of the fact that the people of the rural communities of this state have not been prosperous in recent years. The addition of $20,000 for a building and equipment to the taxes for one year is something this court does not feel it should impose upon the property of the district when the electors of the district have not imposed it upon themselves.

Plaintiffs ask the subsidiary question whether the county clerk of Russell county should proceed to make the levy upon that part of the property in Russell county if the tax could not be levied and collected this year on that part of the district in Ellis county. From what we have said it is clear the answer to this question must be in the negative.

The writ prayed for is denied.