Statement of the case.

HORACE P. PYLAND *v.* TOWN OF PURVIS.

[40 South. Rep., 7.]

1. MUNICIPALITIES. *Appeal from municipal board. Code* 1892, § 79. *Remedy not exclusive.*

Code 1892, § 79, providing for an appeal from the judgment of the mayor and board of aldermen of a municipality, does not make such appeal the exclusive remedy of the party aggrieved.

2. SAME. *Suits against.*

The creditor of a municipality may sue it directly (Code 1892, § 2923) and is not required by Code 1892, § 79, to appeal from the judgment of its mayor and board of aldermen disallowing the claim.

3. SAME. *Plea. Res adjudicata.*

The rejection of a claim against a municipality by its mayor and board of aldermen cannot be made the predicate of a plea of *res adjudicata* when the claim is sued upon in the courts.

FROM the circuit court of Lamar county.

HON. WILLIAM T. McDONALD, Judge.

Pyland, the appellant, was plaintiff in the court below; the town of Purvis, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The appellant presented a claim to the board of mayor and aldermen of the town of Purvis for allowance, but the board refused to allow the same. Appellant did not appeal from the action of the board, as provided in Code 1892, § 79, but brought this, an independent and direct suit, against the town on his claim.

The defendant filed two pleas—one, a plea to the jurisdiction of the court; the other, a plea of *res adjudicata,* predicated of the disallowance of the claim by the municipal authorities—to each of which pleas the appellant demurred. The court below over-

ruled each of said demurrers, and, appellant declining to plead further, dismissed the suit.

*T. E. Salter*, and *Sullivan & Tally*, for appellant.

The sole question, as we understand the case, to be determined by this court is, Can a creditor of a municipality sue that municipality directly in a court of competent jurisdiction, or is he forced by law to present his claim to the municipal authorities for allowance, and, if his claim be disallowed, appeal to the circuit court by bill of exceptions, as mentioned in Code 1892, § 79? The statute is not exclusive. A creditor can sue a municipality directly in any court of competent jurisdiction on any claim he may have against such debtor, and such creditor is not required by either the common law or the statutes or decisions in this state to present his claim to the authorities of a municipality for allowance, but may proceed to sue on any claim just as he would an individual or other corporation, without any demand at all. The only way to make it necessary for a creditor of a municipality to first present his claim to the municipal authorities, before he would be authorized in law to sue, would be by a statute requiring all creditors to first present their claims for allowance before entering suit on same (15 Am. & Eng. Ency. Law [1st ed.], 1193-1195, and notes there cited), and Mississippi has no such statute.

As to the plea of *res adjudicata,* we have only to say that if it should ever happen to be the law that when any person having a just claim against a municipality is courteous enough to present the same to the municipal board for allowance before entering suit, and the board refuses to pay the same when such creditor is not actually present to prepare his bill of exceptions and get the same signed while the board is in session, and the board adjourns without extending the time for perfecting and signing such bill of exceptions (as was required, under Code 1892, § 79, in *McGee* v. *Jones*, 63 Miss., 453), his right to collect that debt becomes thereby adjudicated and is thereby in law fully paid,

then every municipal corporation should, and no doubt would, adopt this fair, sound, and easy method of paying its just debts instead of settling them with cash.

*G. C. Mayson*, for appellee.

A person having a claim against a municipality must first present it to the board for allowance; if such claim is disallowed and he feels himself thereby aggrieved, he must present his bill of exceptions, embodying the facts and decisions, get it signed, and appeal direct to the circuit court. The aggrieved party must follow the course prescribed by the statute or his suit will be unavailing. It will not be controverted that neither the general government nor the state can be sued, except in cases where they consent and only before the tribunals and in the manner prescribed by the statute. Municipal corporations are subdivisions of sovereignty. To the statutes of the state they owe their creation; the statutes invest them with all the power they possess, prescribe their duties, and impose liabilities to which they are subject and the manner of enforcing those liabilities. It inevitably follows that the municipality must be sued in the manner prescribed by statute. It was manifestly the intention of the legislature to provide a quick, inexpensive, and expeditious manner of adjudicating controversies over claims, and to that end it made the propounding of a claim to all intents and purposes the institution of a suit. In allowing or rejecting a claim, the board acts in a judicial capacity. Its acts have the force of a final judgment, are conclusive of the matter adjudicated, and cannot be collaterally attacked. Prior to the code of 1871, the acts of the boards of police and supervisors in allowing or rejecting a claim against a county were final. Since then, however, there are two ways by which an adverse decision of the board may be reviewed: the one as provided by Code 1892, § 79; the other as provided by Code 1892, § 292. Under the last section the claimant, after having his claim rejected, may sue in a court

of competent jurisdiction.     But there is no statute anywhere conferring the right on one whose claim has been rejected by a municipal board to bring an action in some other court.     But his right to have the matter adjudicated in some other court is measured by sec. 79 of the code; that is his sole remedy.

It is to be observed that sec. 79 is an enabling statute.     When it provides that any person aggrieved, etc., may appeal to the circuit court, it only invests him with a power which was not formerly conferred, leaving it optional with him to appeal or not, as his judgment may dictate.     Enabling statutes on the principle of *expressio inius est exclusio alterius* impliedly prohibit any other than the statutory modes of doing acts which they authorize.     Suth. Stat. Construc., sec. 454; *Dalton* v. *Murphy,* 30 Miss., 59.

It has been repeatedly held that the word "may" means "shall," and especially is this true where power is given to public officers and the public interests or individual rights call for its exercise.     *U. S., ex rel. Siegel,* v.   *Thoman,* 156 U. S., 352 (39 L. ed., 450); *Mason* v. *Fearson,* 9 How. (U. S.), 247 (13 L. ed., 125); *Washington* v. *Pratt,* 8 Wheat., 687 (5 L. ed., 716); *Rock Island Co.* v. *U. S.,* 4 Wall., 435 (19 L. ed., 419); *Stanton* v. *Conlon,* 48 Am. St. Rep., 227; *Rafferty* v. *Traction Co.,* 30 Am. St. Rep., 775; *Bansemer* v. *Mace,* 81 Am. Dec., 344; *Malcolm* v. *Rogers,* 15 Am. Dec., 464.

In construing a statute, "may" will be construed synonymous with "shall" where the public or third persons have a claim *de jure* that the power should be exercised.     *Stanton* v. *Conlon, supra,* and cases cited.

It seems beyond all cavil that the public, citizens, the taxpayers of the municipality, have the undoubted right to insist that a party aggrieved by the judgment of a municipal board shall have his alleged claim investigated, as provided in sec. 79 of the code, and not harass the municipality with unnecessary litigation in some other court.

TRULY, J., delivered the opinion of the court.

The contention that Code 1892, § 79, prescribes the exclusive remedy of persons holding claims against municipalities, is unsound. Counsel are mistaken in assuming that prior to the enactment of this statute there was no remedy by suit against municipalities. *State Board of Education* v. *West Point,* 50 Miss., 647. The established course in recovering on valid claims against municipalities is to institute suit on the claim in a court of competent jurisdiction, and, when the claim is placed in judgment, to enforce payment thereof by execution or other proper process.

The argument which is attempted to be based upon a supposed correlation between secs. 79 and 292 is faulty. Section 292, dealing solely with claims against counties, requires that the claim shall first be presented to the board of supervisors for allowance; but if rejected, the claimant is not limited to the method pointed out by sec. 79, but may proceed to institute suit on the claim before any tribunal having jurisdiction of the subject-matter. There is no statutory requirement that a claim against a municipality shall first be presented to the municipal authorities for rejection or allowance as a condition precedent to the institution of a suit, and Code 1892, § 2923, expressly recognizes the power of every municipality "to sue and be sued."

The claim of appellant having been rejected by the municipal authorities, he had the right to bring his original suit, and the judgment of the municipal authorities was not such adjudication of the subject-matter as to debar him from its prosecution. It follows, therefore, that the action of the court in overruling the demurrers to the pleas of appellee setting up the two defenses adverted to was error. The demurrers should have been sustained and the cause determined on its merits.

*Reversed and remanded.*