## CAMPBELL COUNTY v. OVERBY.

Under Laws 1890, p. 293, c. 134, providing that the county treasurer shall receive a salary not exceeding $1,500 per annum payable monthly from the special salary fund, and if the fees paid into the county treasury by him do not equal that amount, he shall receive a sum equal to the fees paid into the treasury, and any deficiency during any quarter is to be made up from excessive fees paid for services rendered during the calendar year in which the deficiency occurs, and Laws 1891, p. 175, c. 65, providing that all county officers for whose services a salary is provided, shall receive no other compensation, a county treasurer is not entitled to commissions on real estate sold to the county, nor to compensation for the issuance of tax sale certificates, and an allowance of a claim therefore is illegal.

Where a board of county commissioners allows an illegal demand against the county, the county, though entitled to appeal therefrom, may recover from the claimant the amount paid to him.

A county may recover the money paid to a claimant presenting an illegal demand which is allowed by the county commissioners and then paid, for a board has power only to audit accounts legally chargeable to the county.

(Opinion filed, June 27, 1906.)

Appeal from Circuit Court, Campbell County. Hon. LORING E. GAFFY, Judge.

Action by Campbell county against Samuel O. Overby. From a judgment for plaintiff, defendant appeals. Affirmed.

*Albert Gunderson,* for appellant. *H. J. Krueger, Frank Alexander,* and *G. N. Williamson,* for respondent.

HANEY, J. This action was tried upon an agreed statement of facts from which it appears that the plaintiff is an organized county in this state; that defendant was its treasurer from February 2, 1894, to January 10, 1895; that the defendant presented a claim to the plaintiff's commissioners at their regular July, 1895, meeting, duly verified, containing these items: "To five per cent. commission on $3,960.24 of real estate sold to Campbell county, November 5, 1894, $198.01; to 181 tax sale certificates at 50 cents each, $90.50;" that the board allowed such claim for which a warrant was issued to the defendant in the sum of $288.51; that payments were made on such warrant to the amount of $246.44, which sum was received and retained by the defendant; "that the payments so made were collected by subsequent county treasurers out of sales made by the defendant;" and that before the commencement of this action plaintiff demanded of the defendant the return of such money and cancellation of such warrant. The learned circuit court decided that the plaintiff was entitled to recover all sums so paid with interest at the rate of 7 per cent. and possession of the warrants so issued, together with its costs and disbursements, and judgment was entered accordingly. Under the law in force during defendant's term of office he was entitled to receive a salary not exceeding $1,500 per annum, payable monthly from the special salary fund. If the fees paid into the county treasury by him did not equal that amount he was "entitled to receive a sum equal to the fees paid into the treasury." Any deficiency during any quarter year or fractional quarter year was to be made up from any excess of fees paid into the treasury by him for services rendered during the calendar year in which such deficiency occurred. Laws 1890, p. 293, c. 134. He could receive no compensation for his services other than the salary so provided. Laws 1891, p. 175, c. 65. His claim, therefore, on its face, was illegal, its allowance was wholly unauthorized, and the warrant issued therefor was invalid.

The contention that an appeal from the decision of the board allowing defendant's claim was plaintiff's only remedy is clearly untenable. It is the settled law of this jurisdiction that the rejection of a claim against a county, by its board of county commissioners—no appeal being taken from such action of the board—is no bar to an action against the county on such claim in the circuit court. Spencer v. Sully county, 4 Dak. 474, 33 N. W. 97; Howard v. Burns, 14 S. D. 383, 85 N. W. 920. The converse of the proposition must be true. If the remedy by appeal is not exclusive as to the claimant it certainly should not be so regarded as to the county. Finally it is contended that, though defendant's claim may have been illegal and its allowance unauthorized, no fraud was shown, and the payments made thereon being voluntary cannot be recovered. This is clearly untenable. County commissioners are not the county nor its agents in the ordinary sense. They are public officers with definite and limited powers, to whom the rules relating to voluntary payments by persons in their individual capacities are not applicable. "A county board has no power to audit and allow accounts on their face not legally chargeable to the county, and if it does so, it acts in excess of its jurisdiction, and its action will create no legal liability on the part of the county. In accordance with this rule, it has been held that if an illegal charge has been paid in consequence of an improper allowance an action lies at the suit of the county to recover back the money paid." 7 Am. & Eng. Ency. Law (2d Ed.) 960.

The judgment of the circuit court is affirmed.