(No. 2118.   February 16, 1918.)

## TORRES v. BOARD OF COUNTY COMMISSIONERS SOCORRO COUNTY.

### SYLLABUS BY THE COURT.

1.  Section 1234, Code 1915, which impliedly authorizes the county commissioners of each county in the state to select a public printer and requires all county officers to employ the said printer for all county printing, has no application to the publication of the delinquent tax lists of the county, as later enactments (section 5495, Code 1915, and section 1, c. 58, Laws 1915) impliedly repeal the first-named section, in so far as the publication of such lists is concerned.                                    P.701.

2.  A party presenting a claim against a county, to the board of county commissioners for allowance, such claim being rejected, may sue the county thereon, even though a right of appeal exists from such disallowance.        P.703.

Appeal from District Court, Socorro County; Mechem, Judge.

Action by Anastacio T. Torres against the Board of County Commissioners, Socorro County.   Judgment for plaintiff, and defendant appeals.   Affirmed.

H. P. Owen, District Attorney of Los Lunas, and W. J. Eaton, Assistant District Attorney, of Socorro, for appellant.   Bray & Bunton, of Socorro, for appellee.

### OPINION OF THE COURT.

ROBERTS, J.   Appellee sued appellant, the board of county commissioners of the county of Socorro for $854.68, and interest thereon, alleged to be due and owing for the publication by appellee of the list of

JANUARY TERM, 1918.            701

Torres v. Bd. Co. Com'rs Socorro. Co., 23 N. M., 700

delinquent taxes of Socorro county. The publication was made in 1915 on an order of the treasurer and ex officio tax collector of said county and was made in Spanish in a newspaper published by appellee in said county and of general circulation therein. In July, 1915, appellee presented his claim for such services to the board of county commissioners, which claim was rejected, and from which no appeal was taken.

Appellant admitted the publication was made on an order of the county treasurer as alleged, but set up two separate defenses: First, that the board of county commissioners in February, 1915, selected and appointed a county printer under and pursuant to the provisions of section 1234, Code 1915, and that it was the duty of the county treasurer to have published such delinquent tax list in the official newspaper so designated by it; that, the delinquent tax list not having been published in such official paper, the publication thereof was without authority of law, and for which no liability existed on the part of the county. The second defense was that, as appellee had presented his claim to the board of county commissioners and the same had been disallowed and no appeal was taken from such action, appellee could not maintain a separate suit therefor. The trial court held there was no merit in either of the special defenses and entered judgment for appellee.

[1] It is the contention of appellant that said section 1234, Code 1915, which reads as follows: "When the county commissioners of the several counties have chosen a county printer, each county official shall employ the said printer for all county printing within his control"—authorizes the board of county commissioners to designate a county printer, which it did, and that thereupon the county treasurer was without authority to employ any other person to publish such delinquent tax lists. Appellee contends that this section has no application to the publication of delinquent tax lists.

Section 1234 was originally section 2 of chapter 31,

Laws 1891, and as enacted undoubtedly had the effect contended for by appellant. Said section 2 concluded with the words, "including the printing of tax sales and other legal work." These words were dropped out when the Code was adopted by the Legislature in 1915, evidently because of subsequent legislation which was deemed insistent. In the tax laws of 1899 (chapter 22, Sec. 15), it was made the duty of the tax collector to prepare and cause to be published in the official newspaper of said county, if one was published therein, the delinquent tax list. In 1913, however, by chapter 84, section 34, it was made the duty of the county treasurer and collector to publish such list "in some newspaper published in the county or if there be no newspaper published in the county, then some newspaper published in the state and of general circulation in the county." By this section the duty was cast upon the treasurer to publish the list in a newspaper published in the county, if one was published therein, and he was authorized to select the medium of publication. For this reason evidently the latter portion of section 2, c. 31, Laws of 1891, which read, "including the printing of tax sales and other legal work," was dropped from section 1234 of the Code of 1915 by the Legislature. And by section 1, c. 58, Laws 1915, enacted at the same session at which the Code was adopted, it was provided that the treasurer and ex officio collector should publish such tax list "in some newspaper published in and of general circulation in his county," if one was published therein, and it was further provided that, in any counties wherein a large proportion of the taxpayers were Spanish speaking, such notice should also be published in the Spanish language, "as herein above provided" for the publication of such notice in the English language. Therefore he (the treasurer) was required to determine whether the newspaper in which he proposed to publish such list fulfilled the requirements of the statute. Under section 1234, the public printer selected by the board of county commissioners was not even required to be the publisher of a newspaper,

yet if appellant's contention is sound, if such public printer so selected had not been the publisher of a newspaper, it would be incumbent upon the treasurer to turn over to him the matter of the publication of such tax list, and such public printer would be the party charged with the selection of the newspaper in which such list should be published; but the later enactments plainly cast this duty upon the treasurer. Suppose, for example, there was no newspaper published in the county. Could it be contended that it would be the duty of the county treasurer and collector to turn over the tax list to the public printer selected by the board, and that such public printer should determine the newspaper published outside of the county in which the list should be published? And, further, under the last enactment, if the stated percentage of the inhabitants are Spanish speaking, then the tax list must be published in both English and Spanish. Would the public printer have the authority to select the Spanish paper in which the list should be published? We think not. By the latter statutes on the subject, the Legislature established a new rule for the publication of the delinquent tax list, and this rule so established impliedly repealed section 1234. In Sutherland on Statutory Construction, Vol. 1, sec. 249, it is said:

"An affirmative enactment of a new rule implies a negative of whatever is not included or is different; and if by the language used a thing is limited to be done in a particular form or manner, it includes a negative that it shall not be done otherwise."

It is true that the law does not favor a repeal of an older statute by a later one by mere implication, but subsequent legislation repeals previous inconsistent legislation, whether it expressly declares such repeal or not. By the later enactments, we think the Legislature has evidenced a clear intention to take the publication of delinquent tax lists out from under the operation of section 1234.

[2] As to the second special defense, the majority rule, with which we agree, is that where a claim is

presented to a board of county commissioners and is rejected, or the creditor is dissatisfied with the amount allowed, he is not confined to his appeal from the decision of such board where the right of appeal is given, but may proceed with his action against the county board, for an act providing an appeal from the action of the board of county commissioners upon a claim against the county is not an exclusive remedy, and does not take away the claimant's right of action against the county, which he possessed before, 7 R. C. L. p. 964, and see note to case of Gilman v. County of Contra Costa, 68 Am. Dec. 290.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.