**ENTERPRISE PUBLISHING COMPANY, Appellant,**

v.

**HARLAN COUNTY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1958.

James S. Greene, Jr., Harlan, for appellant.

Cawood Smith, Harlan, for appellees.

CLAY, Commissioner.

This suit was brought by plaintiff appellant against Harlan County and its treasurer to recover the sum of approximately $500 for newspaper advertising. By amended complaint plaintiff requested declaratory judgment relief. The trial court granted summary judgment to the defendants, on the ground the court lacked jurisdiction because the plaintiff had not timely appealed from two orders of the Harlan County Fiscal Court.

On February 1, 1954, plaintiff had published the treasurer's report in its daily newspaper. It submitted its bill for $519.06, based on a charge of $1.25 per linear inch. By order dated July 31, 1954, the fiscal court directed the payment of $311.44, based on a charge of 75 cents per linear inch. Plaintiff refused to accept this amount, insisting that KRS 424.030 fixes advertising rates at $1.25 per linear inch.

The controversy with respect to plaintiff's specific claim resolves itself into

the question of whether the plaintiff may bring this independent action, or must have taken a direct appeal from the order of the fiscal court disallowing part of the claim. Plaintiff argues that primarily this is a suit against the county treasurer, and therefore the right of appeal from the order is not directly involved. However, it is clear that with respect to this claim the county treasurer could only act as ordered by the fiscal court, and the claim is against it and not against the treasurer.

KRS 23.030 authorizes an appeal from an order of the fiscal court where the amount in controversy is over $25. Such appeal must be taken within 30 days under CR 72.02. See Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197.

█ It was long ago recognized that when a claim against a county has been rejected by the fiscal court, the claimant has the option of either (1) appealing from the fiscal court order, or (2) bringing an independent action. Hudgins v. Carter County, 115 Ky. 133, 72 S.W. 730. However, this rule was qualified in Slater-Business Printing Company v. Tincher, 201 Ky. 370, 256 S.W. 722.

In that case it was held that an original, independent action in the circuit court could only be maintained when the fiscal court had wholly rejected the claim. There it appeared, as in the present case, that the fiscal court had allowed the claim in part and the independent action was brought for the balance allegedly due. The claimant had actually received and accepted the allowance made, which is not true in the present case, but we do not think this fact significant. The principle enunciated was that when the fiscal court has taken jurisdiction to adjudicate the amount of the claim, the claimant should not be permitted to ignore the order, and by independent action have the circuit court pass upon this issue in a de novo proceeding.

█ We think the direct appeal procedure required in the foregoing case conforms to the purpose of the statute in permitting appeals, and properly avoids duplicating adjudication of the amount of the claim by two different governmental bodies in collateral proceedings. This concept is somewhat similar to that which denies the right of a party to split his cause of action.

█ In the case before us the fiscal court admitted liability by its order allowing plaintiff compensation for its services. Since the only question to be presented to a circuit court was the sufficiency of the allowance, this issue could have and should have been raised by an appeal from the fiscal court order. The trial court properly declined to entertain this claim in an independent action.

█ By amended petition the plaintiff requested a declaration of rights concerning (1) the proper construction of KRS 424.030, and (2) the validity of a subsequent order of the Harlan Fiscal Court which prescribed that $1 per linear inch would be paid for published legal notices and advertisements. The latter was a general order and did not involve a specific claim of the plaintiff or anyone else. By virtue of this order an actual controversy was created between the plaintiff and the fiscal court with respect to the legal rate which should be paid for future services of this nature.

The trial court refused to entertain this controversy, apparently on the same ground as it rejected the original claim; i. e., plaintiff's only remedy for questioning this order was by appeal.

There appear two reasons why the amended complaint should not have been dismissed. In the first place, an appeal under KRS 23.030 may only be taken from an order of the fiscal court where the amount in controversy is as much as $25. Since this order did not involve any specific claim, there was no ascertainable amount in controversy and the plaintiff could not appeal therefrom.

In the second place, this is exactly the type of controversy recognized by KRS

418.040 and 418.045 as authorizing a declaratory judgment action.

Defendants contend that the request for a declaration of rights is in effect an attempt to relitigate the original claim of the plaintiff, which we have above determined should have been prosecuted by appeal. This is not so. Plaintiff properly could have brought this action for a declaration of rights regardless of whether or not it had a specific claim against the fiscal court, and obviously any declaratory order entered will have no effect whatsoever upon the original claim.

We are of the opinion that the trial court should declare the rights of the parties on the issues presented in the amended complaint. ·

The judgment is affirmed in part and reversed in part for consistent proceedings.

BIRD, J., dissents from so much of this opinion as adjudges that plaintiff's only remedy was by appeal from the original fiscal court order allowing its claim in part.