Lyle R. OLSON et al., Plaintiffs
and Appellants,

v.

CASS COUNTY, a Public Corporation, et
al., Defendants and Appellees.

Civ. No. 9283.

Supreme Court of North Dakota.

April 28, 1977.

Herman F. Wegner, of Wegner, Fraase & Cooke, Fargo, for plaintiffs and appellants.

Mervin D. Nordeng, State's Atty., Fargo, for defendants and appellees.

VOGEL, Justice.

This is an appeal by Lyle R. Olson, Jens E. Bale, and Norma Olson, plaintiffs, from a judgment for Cass County, its Board of County Commissioners, and its Road Superintendent. The plaintiffs sued for declaratory and injunctive relief from the County's proposed installation of a particular culvert. The County moved for judgment on the pleadings, and the motion was granted on the ground that a statutory appeal had not been perfected.

The area in question consists of four sections of Cass County, Township 137, Range 49. They are Sections 19, 20, 29, and 30. The common corner of these four sections is also the junction point of two Cass County highways. The proposed culvert is to be placed diagonally under the T-intersection of Cass County Highways 18 and 17. No. 17 runs north-south along the section lines common to Sections 19–20 and 29–30 of Township 137. Highway 18 runs east-west along the section lines common to Sections 19 and 29 and ends at its T-intersection with Highway 17. West of Highway 17 is a township gravel road running along the section lines common to Sections 30 and 19.

These sections, particularly at their common corner, have a waterflow problem. The natural flow of surface water in the area is from southwest to northeast. Section 20 has a natural drainway lower than Section 30, and it is alleged that part of that natural drainway cuts across the Northwest Quarter of Section 29. The Commissioners' action in authorizing a culvert was taken in response to requests from landowners in the area that the water problem at the intersection be corrected.

The culvert in question has not yet been constructed. There already are seven culverts serving the area. Four of these provide for waterflow under the highway. One is south of the intersection running east-west between Sections 30 and 29. One, north of the corner, also runs east-west, between Sections 19 and 20. Two culverts run north-south, about ⅛ mile east of the intersection, carrying water from Section 29 to Section 20. There are three other culverts, all in the ditches under the field approaches to the various sections.

Upon the request of a majority of the landowners of the area for correction of the flowage problem, the Board authorized the County Road Superintendent to install a diagonal culvert between Sections 30 and 20 after the coulee in Section 20 had been cleaned. The decision was made without

any formal scientific or engineering study of waterflow or drainage, and discretion as to size of the culvert was left with the Road Superintendent. These decisions were made on November 25, 1975, and approved on December 2, 1975.

Lyle Olson, Norma Olson, Jens Bale, and others not plaintiffs here own the West Half of Section 20. Lyle Olson has been farming the area as part-owner and as tenant of the other owners. The owners appeared before the Board after its decision to install a culvert, to assert that the Board had disregarded the natural flow of surface water and other scientific and engineering principles pertinent to the issue. They alleged potential damage to Section 20 from the cutting of a new drainage and overflow. The Board did not change its decision. On March 5, 1975, the owners of the West Half of Section 20 asked for a temporary injunction. The court denied the injunction, and this appeal followed.

The plaintiffs argue that the decision of the Board of County Commissioners was illegal and in excess of jurisdiction because it was made without a scientific determination of the surface water, the terrain affected, the natural drainway, and the quantity of water involved. They argue that such scientific and engineering evidence is required by statute before a decision of this nature may be made by the Board.[1] Their theory is that since such evidence is required by statute, and the statutory requirement was not complied with by the Board, the Board acted in excess of its jurisdiction, and its decision is subject to attack by proceedings for an injunction. The plaintiffs argue that although there was a statutory remedy of appeal available to them, and they admittedly failed to pursue an appeal, injunctive relief is proper because the Board's decision was outside its jurisdiction. While we agree with the general principle that decisions made by a body without jurisdiction may be open to collateral attack, for reasons stated below we do

not agree that the Board of County Commissioners' culvert decision in this case was made without jurisdiction. Consequently, the plaintiffs are not entitled to injunctive relief. We affirm the lower court's denial of an injunction.

We have before us the question of when, and by what method, a person can challenge a decision of a board of county commissioners. If there were nothing in our statutes allowing an appeal from the commissioners' decisions, a party aggrieved by such decisions would have two possible remedies: a proceeding for an injunction or a suit for damages.

■ To be entitled to an injunction, the party would have to show the two basic prerequisites for such a remedy. They are a showing that no adequate remedy at law exists, and that the person aggrieved will suffer irreparable injury by the commission's decision. *Viestenz v. Arthur Township*, 78 N.D. 1029, 54 N.W.2d 572 (1952); *McIntyre v. State Board of Higher Education*, 71 N.D. 630, 3 N.W.2d 463 (1942). Both of these remedies may be available to an aggrieved party after the decision is implemented. After the action is taken, an injured party can show actual damages and recover therefor. When recovery of damages is inadequate, as where the injury will continue and full compensation necessitates continual separate actions, an injunction is proper because the remedy at law is inadequate. In the same light, both of these remedies are less useful to an aggrieved party prior to action on the decision. There can be no showing of damages without injury, and there is an extremely great burden on a plaintiff to show irreparable injury when the decision has not yet been implemented and all consequences are merely potential.

■ However, the Legislature has not left aggrieved parties with only these two often-inefficient or costly methods of chal-

---

1. Section 24–03–06, N.D.C.C., provides that the construction or reconstruction of a highway shall be in accordance with scientific highway construction and engineering so as to avoid overflow onto adjacent lands. It also provides that drainage of surface waters shall not be obstructed, but shall be allowed to follow the natural waterflow course.

lenging decisions made but not yet acted upon. Section 11–11–39, N.D.C.C., provides that any person aggrieved by a decision of the county commissioners may take an appeal to the district court. Section 11–11–41, N.D.C.C., provides that such an appeal *must* be taken within 30 days after the decision of the board. An aggrieved party need not wait for the decision to be implemented, and for actual injury to occur, before he or she has a day in court. On the contrary, the propriety of the commissioners' decision can be litigated immediately by appeal to the district court, where it will be tried de novo. Sec. 11–11–43, N.D.C.C.; *Gold Street v. Newton*, 2 Dak. 149, 3 N.W. 329 (1879). The only limitation is that the appeal must be taken within 30 days.

This statutory remedy of appeal was held, as long ago as 1875, to be a "plain, simple, sensible, cheap, and *adequate* remedy." [Emphasis added.] *Wood v. Bangs*, 1 Dak. 179, 196, 46 N.W. 586, 589 (1875). The court pointed out that if the plaintiffs were dissatisfied with the commissioners' decision, it was their duty to pursue the statutory remedy. The court refused to allow a suit for injunction, where the plaintiffs had not perfected their statutory appeal.

This principle has been continually adhered to by the North Dakota Supreme Court. In *Chester v. Einarson*, 76 N.D. 205, 219, 34 N.W.2d 418, 427 (1948), this principle was characterized as a "fundamental rule of equity jurisprudence." The case involved an action to enjoin the county commissioners from building a drain, wherein the injunction was denied and the plaintiffs appealed. No statutory appeal was ever taken from the commission's initial decision to construct a drain. The court held that the statutory appeal was an adequate legal remedy for reviewing the decision of the board, and hence an action for injunction would not lie. The court said:

"Where the law provides an appeal from an order or determination of a board or commission whereby the correctness and validity of the order or decision may be reviewed the remedy so provided, if adequate, must be pursued and a party hav-

ing the right of appeal may not disregard the remedy and obtain injunctive relief against the enforcement of the order or decision." 76 N.D. at 219, 34 N.W.2d at 427.

■ We agree with the holding of the court in *Chester v. Einarson, supra,* and apply that principle to the case at bar. Although *Chester v. Einarson* dealt with the appeals under Chapter 61–21, N.D.C.C., relating to drainage projects specifically, we believe the same rationale applies to the appeals under Chapter 11–11 relating to decisions of a board of county commissioners. If the grievance of the person challenging a board's decision is of a type that could have been fairly litigated on appeal, then that statutory appeal is an adequate legal remedy, and no suit for injunction will lie as a substitute.

■ In the instant case, Jens Bale, Lyle Olson, and Norma Olson did not appeal, but they urge that a suit for injunction can substitute for an appeal. We disagree. The trial court made a finding of fact that the plaintiffs' grievance could have been fully and adequately considered on appeal. We are bound by that finding unless it is clearly erroneous. We can find no basis for holding that finding of fact clearly erroneous, and therefore the appeal provided in Section 11–11–39, N.D.C.C., is an adequate legal remedy in this case. The plaintiffs are barred from seeking an injunction because they had an adequate legal remedy which they failed to pursue.

■ The plaintiffs here contend that they may sue for injunction despite the fact that they failed to appeal within 30 days, because the Board of County Commissioners acted without jurisdiction when it made its decision on the culvert. They assert that the policy of ensuring the finality of board decisions must give way to the policy of holding a body accountable when it acts without jurisdiction. We agree with the plaintiffs that an action taken by a person or persons entirely lacking jurisdiction over the substance of the action may be challenged collaterally. *Farrington v. Swenson*, 210 N.W.2d 82 (N.D.1973). If their griev-

ance is not jurisdictional, but goes instead to the correctness of the decision, then it cannot be litigated collaterally and must be attacked directly.

The plaintiffs' complaint is that the Board did not comply with certain statutory provisions when it reached its culvert decision. Those provisions relate to the use of scientific highway construction and engineering techniques in the building and maintenance of highways.[2]

A perusal of these provisions raises many questions, including these:

Is the installation of a culvert a "reconstruction" of a highway, bringing Section 24–03–06 into play?

Should a petition to the Water Conservation Commission have been made according to Section 24–03–08?

Is a culvert a "drain," so as to come within Sections 61–21–10 and 61–21–12?

■ While engaging, these questions do not go to the jurisdiction of the County Commissioners in the culvert matter. These questions concern the necessity and propriety of the decision and the correctness of the method of decision-making and its final result. When answered, they may show that the Board was wrong. But the possibility of being wrong does not indicate a lack of jurisdiction. "Jurisdiction" is the authority to inquire into the matter. It is the power to decide, and does not depend on whether the decision was right or wrong. *Schnell v. Schnell*, 252 N.W.2d 14 (N.D. 1977); *Hanson v. North Dakota Workmen's Compensation Bureau*, 63 N.D. 479, 248 N.W. 680 (1933).

■ The boards of county commissioners are responsible for the county road system, and, together with the State Highway Commissioner, are entrusted with furnishing roads and highways for the State. Secs. 11–11–14, 24–01–01, and 24–05–17, N.D.C.C. This responsibility and authority includes the authority to install culverts. The Board here had authority to make a culvert decision. It had jurisdiction to so decide regardless of whether it was wrong or right. The action taken by the Board when it authorized this culvert was not done without jurisdiction, and therefore that action cannot be collaterally attacked.

It is precisely this type of question, concerning the correctness and propriety of the decision, that is a proper matter for the direct appeal authorized by Section 11–11–39, N.D.C.C. The lower court found that the plaintiffs' grievances could have been fairly litigated on appeal, and we can find no basis for deciding otherwise. The statutory appeal is the method by which an aggrieved person can challenge the correctness of such a decision.

Finally, the plaintiffs point out several cases in which injunctions were allowed against public officials, and urge us to add the instant case to that list. We find important distinctions between those cases and the one now before us.

*Viestenz v. Arthur Township, supra,* is relied on heavily by the plaintiffs. It involved the construction of a township road by the Township which resulted in flooding of the plaintiffs' land. The court granted a mandatory injunction upon a finding that the plaintiffs were irreparably injured and a legal remedy of damages would not be adequate. A damage remedy in a case such as *Viestenz* would require an action every year for the flooded land. The court in *Viestenz* stated that only equity could deal with the situation adequately. *Viestenz* exemplifies a point we made above, that the injunctive remedy is more applicable to a

---

2. See note 1, above, as to Section 24–03–06, N.D.C.C.

Section 24–03–08 provides that if the highway is to be constructed over a watercourse or draw, a majority of landowners of the area affected may petition the State Water Commission to determine the maximum quantity of water which the watercourse or draw may be permitted to carry. It then requires that the culvert be installed of sufficient capacity to permit that quantity of water to flow freely.

Section 61–21–10 provides for petitioning for the construction of a drain and states the procedure therefor.

Section 61–21–12 specifies the assistance of surveyors and engineers in the planning of the drain line and its efficiency for the land in question.

plaintiff after the decision has been implemented and actual injury has occurred. Then, to avoid a multiplicity of suits, an injunction is proper.

The same holds true for *Rynestad v. Clemetson*, 133 N.W.2d 559 (N.D.1965). There, the suit for injunction was against a private party, with a suit for mandamus against the Township. The damage was caused by the private landowner's draining of water onto plaintiff's land. Injunction against the owner was allowed. Again, the action had been implemented, and damage had occurred and would continue.

*Barr v. Barnes County Board of County Commissioners*, 194 N.W.2d 744 (N.D.1972), is another case where the damage had already occurred, and it was held that plaintiffs had a right to obtain injunctive relief to halt the continuance of that injury.

In all these cases, the damage had been done, with the threat that it would continue. In these circumstances, an injunction is proper. Such circumstances do not exist in the case before us. An injunction is not proper here. Should similar circumstances arise, Jens Bale, Lyle Olson, and Norma Olson could sue for damages or for an injunction, or both. When the culvert is built, if the alleged damages can be proved, the plaintiffs may sue to protect their land.

One case relied on by the plaintiffs is *State ex rel. Ladd v. District Court of Cass County*, 17 N.D. 285, 115 N.W. 675 (1908). In that case a suit for injunction was allowed against a public official prior to any action by him or injury resulting therefrom. The court said in *Ladd* that equity required protection for the people when the official is acting in excess of or without authority. The potential consequences to the plaintiffs were extremely severe and the plaintiffs had no alternative. There was no adequate legal remedy, and a very great threat of harm.

In the case at bar, there was an alternative. There was an adequate legal remedy which the plaintiffs failed to pursue. They are not entitled to sue for injunction in the face of their failure to pursue the appropriate statutory remedy.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.