(626 P.2d 798)

No. 51,461

THANTUS M. CONCANNON, Administrator of the Estate of Mabel J. Concannon, deceased, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF LINN COUNTY, KANSAS, *Appellee.*

Opinion filed April 17, 1981.

*Douglas G. Hudson* of Hudson, Hudson & Mullies, of Fort Scott, for the appellant.

*James L. Wisler,* of Mound City, and *Stephen D. Hill,* county attorney, for the appellee.

Before ABBOTT, P.J., REES and SPENCER, JJ.

SPENCER, J.: Plaintiff appeals the dismissal of her action by the district court on grounds of want of jurisdiction. In so ruling, the trial court made and entered findings of fact, not challenged on appeal, which will serve to explain the nature of this cause:

"1. Mabel J. Concannon was first employed by her husband, T. T. Concannon, the duly elected County Clerk of Linn County, Kansas, in the Spring of 1971.

"2. Mabel J. Concannon worked in the County Clerk's office during June, July, August, September, and October of 1971; all twelve months of 1972; all twelve months of 1973; and all of 1974, except that the records do not disclose that she worked in June of 1974.

"3. Mabel J. Concannon became ill with cancer in December of 1974 and entered the hospital in January of 1975. She was off work because of her illness during part of January, all of February, all of March and most of April in 1975. During that same year she worked during May, June, and July, and a small part of August. She was off again because of her illness during most of August and all of September, October and November of 1975. She returned to work in December of 1975, but again became ill and was unable to work part of December, 1975, and during all of January, February, March, April, May and June of 1977. She returned to work in July of 1977, because her doctor had released her and she felt she was able to return to work.

"4. During the term of her employment she was paid on the basis of a regular hourly wage.

"5. Plaintiff in August, 1977, made a claim upon the defendant through her husband and employer, T. T. Concannon, for compensation for 43.3 hours of employment in the office of the County Clerk of Linn County, Kansas, during the month of July, 1977.

"6. Plaintiff was advised by the defendant through her spouse and employer, T. T. Concannon, in August, 1977, that she would not be paid for more than one week, or 40 hours, per year for work in the office of her spouse, the County Clerk of Linn County, Kansas.

"7. That the defendant made its decision by applying a home rule resolution (Exhibit A) that prohibited office holders in Linn County, Kansas, from 'hiring their father, mother, spouse, brother(s), sister(s), son(s), daughter(s), son(s)-in-law, daughter(s)-in-law from permanent employment in that office' on or after May 1, 1977.

"8. That the plaintiff personally met with the defendant in November, 1977, and the Board again denied her claim for compensation for more than one week, or forty hours, in the year of 1977.

"9. That the plaintiff filed no appeal of the aforesaid decision of the defendant in this court, nor has the defendant executed a bond to the county for payment of the costs and for faithful prosecution of such an appeal. Instead, this suit was filed by plaintiff on July 14, 1978, eight months after such decision of defendant."

As a result of the Board's decision to deny plaintiff compensation in excess of 40 hours per year—pursuant to the resolution (finding No. 7)—plaintiff brought suit against the Board alleging the resolution was improperly applied to her, and that the Board was not empowered to enact such a resolution. Based on these allegations, plaintiff sought damages of $121.33—representing her July, 1977, claim for compensation for 43⅓ hours at the rate of $2.80 per hour; and $5,832.79—representing lost compensation, based upon average monthly earnings of $228.80.

The trial court concluded the Board's decision to deny plaintiff compensation in excess of 40 hours per year was the result of the application of the resolution and was quasi-judicial in nature. The court also concluded procedural due process was satisfied because plaintiff appeared personally before the Board concerning the latter's action. Upon the basis of these conclusions, the trial court ruled that, as K.S.A. 19-223 provides the exclusive method by which a district court may review a judicial or quasi-judicial decision of a board of county commissioners, and since plaintiff had failed to appeal within the time prescribed by that statute, the court was without jurisdiction to review the action of the Board.

Initially, plaintiff argues the act of rejecting her claim for compensation, as set forth in findings 5, 6, and 7, was not quasi-judicial. We agree.

In *Brelsford & Gifford Co. v. Smith County Comm'rs*, 139 Kan. 339, 31 P.2d 25 (1934), it was held the denial of a claim against a county by the board of county commissioners is not a quasi-judicial function. The following portion of *Comm'rs of Leavenworth Co. v. Brewer*, 9 Kan. 307, 319 (1872), restated in *Brelsford*, set the matter straight:

" 'A claim presented to the county commissioners is simply a claim presented to the county, and a refusal by them to pay it is simply a refusal of the county to pay it. And where a county refuses to pay a claim against it there seems to be no good reason why it may not be sued as well as any other corporation, or any individual, under like circumstances. It is true, that the county commissioners in some cases act in a kind of quasi judicial character, and when they do so act their determinations are final unless appealed from. *But when they allow or disallow a claim against their county—against their principal—they do not act in a judicial capacity. They are not then a court, acting impartially between two contending parties, but they are simply the agents of one of the parties, and acting for such party.' "* 139 Kan. at 342; emphasis added.

Defendant argues *Brelsford* and the cases cited therein are distinguishable from the situation under review. Specifically, defendant contends "the denial of the claim is based upon the application of a resolution to the claimant and is, therefore, a judicial or quasi-judicial decision." The *Brewer* decision, cited in *Brelsford*, leaves this court unconvinced of defendant's position.

In *Brewer*, plaintiff, the county attorney for Leavenworth County, presented a claim to the county for legal services rendered to the Leavenworth Board of County Commissioners. The claim resulted from Brewer's representation of the board, at the latter's request, in an action filed against the board in federal circuit court at Topeka. The opinion reflects Brewer presented his claim to the board, with the same being rejected on the basis of the board's interpretation of statutes fixing the duties and responsibilities of county attorneys. Cognizant that this was the ground upon which the board denied Brewer's claim, the Kansas Supreme Court held that such a denial of a claim against a county does not constitute action of a quasi-judicial character. See also *Gillett v. Comm'rs of Lyon Co.*, 18 Kan. *410, 414 (1877).

In adhering to the rule in *Brelsford*, we are not unmindful of the general principle that the determination of the applicability of

a statute to a given situation is a judicial function. See *e.g., In re Petition of McAdam,* 181 Kan. 73, 74, 309 P.2d 648 (1957); *McCluggage v. Loomis,* 176 Kan. 318, 325, 270 P.2d 248 (1954). However, the respective boards of county commissioners in the cases just cited were called upon to determine rights and liabilities under the involved statutes, as between members of the public representing competing interests. The situation here is principally one wherein the authorized agents of the county acted on their principal's behalf.

Each organized county within this state is a body corporate and politic and is empowered to sue and be sued. K.S.A. 19-101. The powers of the county are to be exercised by the board of county commissioners. K.S.A. 19-103. Among these is the power to examine and settle and allow all accounts chargeable against the county. K.S.A. 19-212. The board of county commissioners is the executive branch of county government and is the tribunal provided by law to examine and settle claims against the county. *Bank v. Marion County,* 78 Kan. 313, 96 Pac. 496 (1908); *Kerby v. Clay County,* 71 Kan. 683, 81 Pac. 503 (1905).

The disallowance of plaintiff's claim in this case was nothing more nor less than the exercise by the executive of its administrative or ministerial power and did not involve the exercise of judicial discretion. See *Thompson v. Amis,* 208 Kan. 658, 663, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972); *Gonser v. Board of County Commissioners,* 1 Kan. App. 2d 57, 562 P.2d 102 (1977).

Plaintiff's suit is not exclusively concerned with the denial of her claim for compensation. She contends she was not seeking employment after May 1, 1977 (the effective date of the resolution referred to in finding No. 7), but rather was seeking to resume her employment in the office of the county clerk. Although it appears there was a full evidentiary hearing in this case, the decision of the trial court was such as to preclude any decision as to the validity of the "home rule resolution" adopted by the board, the status of the plaintiff as an employee in the office of the county clerk, and her damages, if any, by reason of entitlement to the continuation of such employment. These are matters properly to be decided by the trial court.

We hold the district court does have jurisdiction of this cause and it is remanded for further consideration and judgment on the merits.