The UNITED HOSPITAL, Plaintiff and Appellant,

v.

Barry D'ANNUNZIO, Defendant and Third–Party Plaintiff,

v.

GRAND FORKS COUNTY, North Dakota, Defendant, Third–Party Defendant and Appellee.

Civ. No. 900269.

Supreme Court of North Dakota.

Feb. 21, 1991.

McElroy, Camrud, Maddock & Olson, Grand Forks, for plaintiff and appellant; argued by Gordon W. Myerchin.

McConn, Fisher, Olson & Daley, Grand Forks, for defendant, third-party defendant and appellee; argued by Patrick W. Fisher.

April M. Crain (appearance), Crain Law Firm, Garrison, for defendant and third-party plaintiff.

MESCHKE, Justice.

United Hospital appealed a judgment dismissing its suit against Grand Forks county for medical care to a prisoner in the county jail. The district court dismissed the suit for lack of subject matter jurisdiction because the Hospital had not timely appealed from denial of the claim by the county commission. We hold that a claimant may sue the county without taking an appeal from a denial by the commission. Therefore, we reverse and remand.

After Barry D'Annunzio attempted suicide while confined in the Grand Forks county jail, he was taken to United Hospital for medical care. The Hospital later submitted a $57,947.41 claim to the county for D'Annunzio's medical care. *See Hospital Services, Inc. v. Dumas*, 297 N.W.2d 320 (N.D.1980). The Grand Forks county commission denied the claim, and the Hospital did not appeal from the denial. In-

stead, it sued the county and D'Annunzio for the amount due for his medical care.

D'Annunzio filed bankruptcy, thereby invoking 11 U.S.C. 362(a), the automatic stay provision of the bankruptcy code. The county moved to dismiss the Hospital's claim against it, contending that the district court lacked subject matter jurisdiction because the exclusive procedure for contesting the county commission's denial of the claim was an appeal and the Hospital failed to file a timely appeal. The district court concluded that an appeal was the Hospital's only recourse and dismissed the Hospital's suit against the county. United Hospital appealed.

In *United Hospital v. D'Annunzio*, 462 N.W.2d 652 (N.D.1990), we retained jurisdiction of the appeal, while remanding the record for consideration of a NDRCivP 54(b) certification. The district court returned the record with a proper certification making dismissal of the Hospital's suit a final and appealable judgment. We now consider the merits of the appeal, reverse, and remand for further proceedings.

■ The dispositive question is whether United Hospital's exclusive remedy for contesting the denial of its claim is an appeal. The Hospital contends that an appeal is not an exclusive remedy and that it may maintain an independent action against the county to collect the claim. We agree.

The county's position is based on a statute "saving" a claimant's right of appeal. NDCC 21–05–07 says:

*Consideration of account—Action thereon.* Whenever an account, claim, or demand against any township or county is reviewed in the manner prescribed in section 21–05–01, the board to which the same is presented may receive and consider the same and may allow or disallow the same, in whole or in part, as to the board shall appear just and lawful, saving to such claimant the right of appeal in accordance with the procedure provided in section 28–34–01. Approval by the board must be recorded in the record of its proceedings and this is sufficient to indicate approval without requiring a majority of the members of the board to sign or initial the voucher or order for payment.[1]

But this "saving" clause does not expressly make an appeal the exclusive remedy.

Furthermore, longstanding precedent contradicts the county's position. In *Spencer v. County of Sully*, 4 Dak. 474, 33 N.W. 97 (1887), the Supreme Court of Dakota considered similar provisions in the Revised Codes of the Territory of Dakota.[2]

1. A related section, NDCC 21–05–01, says:

*Claims against township or county—How accounts stated.* No account or claim against any township or county of this state may be allowed by the governing body thereof until a full itemized statement in writing has been filed with the governing body or unless otherwise authorized by the governing body pursuant to contract or other action. The governing body, in its discretion, may require the filing of any additional information which it may deem necessary to the proper understanding and audit of any claim or account and it may require the filing of a sworn statement in such form as it may prescribe. The provisions of this section, however, shall not apply to any claim or demand for an annual salary or per diem of jurors or witnesses fixed by or in pursuance of any statute. Whenever the county auditor is not readily available to sign and issue warrants upon the county treasurer for the payment of the salary or per diem of jurors or witnesses, the county treasurer shall be authorized to pay such salary or per diem upon the written order of the judge of the court in which such jurors or witnesses

have served and in such cases the county treasurer shall furnish the county auditor with statements of all claims paid.

2. Section 87, Ch. 23, Revised Codes of Territory of Dakota (1883) said:

*Accounts, how stated.* Before any account, claims, or demands against any town or county of this territory, for any property or services for which such town or county shall be liable, shall be audited or allowed by the board or officers authorized by law to audit and allow the same, the person in whose favor such account, claim or demand shall be, or his agent, shall reduce the same to writing in items, and shall verify the same to the effect that such account, claim, or demand is just and true; that the money therein charged was actually paid for the purposes therein stated; that the property therein charged was actually delivered or used for the purposes therein stated, and was of the value therein charged; and that the services therein charged were actually rendered and of the value therein charged, or in case such services were official, for which fees are prescribed by

In that case the county denied the plaintiffs' contract claim, and they did not appeal. Instead, they sued the county in an independent contract action. The district court dismissed the plaintiffs' independent action, concluding that it did not have jurisdiction because the plaintiffs' exclusive remedy was an appeal from the county's denial of the claim.

The Territorial Supreme Court reversed and remanded for trial. The Court concluded that the district court's decision would have construed the statutes to make a county's denial conclusive, thus precluding an independent contract action against the county, in the same manner as a final judgment by a court of competent jurisdiction would be conclusive. The Court noted that, by statute, an organized county in Dakota Territory was a body corporate and could sue and be sued in any court in the territory. The Court held that the organic act for Dakota Territory vested judicial power in the courts[3] and prevented the territorial legislature from conferring that kind of judicial power on the county commissioners. The Court said

> The sections of the statutes relied upon by respondent to make out his position that plaintiffs' sole remedy lay in an appeal from the order of the board ... may, in so far as applicable to cases like the one at bar, be interpreted as in harmony with the organic act, by holding that they, in effect, give to claimants, at their option, a simpler and sometimes a speedier way to get their rejected claims passed upon by the district courts, than by an original action brought in such courts.

*Spencer*, 33 N.W. at 99. An appeal and an independent action were thus held alternative remedies.

The statutory and constitutional statements in *Spencer's* time are nearly identical to today's. NDCC 11–10–01 says that "[e]ach organized county is a body corporate for civil and political purposes ... [and] may sue and be sued, contract and be contracted with." N.D. Const. Art. VI, § 1, says that "[t]he judicial power of the state is vested in a unified judicial system consisting of a supreme court, a district court, and such other courts as may be provided by law." *Spencer*, therefore, is persuasive authority for allowing United Hospital to sue Grand Forks county in this case.

Moreover, many other courts have similarly held that a party whose claim against a municipal corporation is denied may sue independently even though a right to appeal from the denial exists. *Campbell County v. Overby*, 20 S.D. 640, 108 N.W. 247 (1906); *Pylant v. Town of Purvis*, 87 Miss. 433, 40 So. 7 (1906); *Torres v. Bd. of County Commissioners, Socorro County*, 23 N.M. 700, 171 P. 510 (1918); *West v. Coos County*, 115 Or. 409, 237 P. 961 (1925); *State ex rel. Robertson Inv. Co. v. Patterson*, 47 Wyo. 416, 38 P.2d 617 (1934); *Potts v. City of Utica*, 86 F.2d 616 (2d Cir.1936); *Enterprise Publishing Co. v. Harlan County*, 310 S.W.2d 551 (Ky.Ct. App.1958); *Concannon v. Bd. of County Comm'rs of Linn County*, 6 Kan.App.2d 20, 626 P.2d 798 (1981). *See also* 56 Am. Jur.2d, Municipal Corporations, § 829 (1971); 17 McQuillan, Municipal Corporations, §§ 49.03, 49.12 (1982). The right to

---

law, then that the fees or amounts charged therefor are such as are allowed by law, and that no part of such account, claim, or demand has been paid: *provided,* that the provisions of this act shall not apply to any claim or demand for an annual salary or *per diem* of jurors or witnesses fixed by, or in pursuance of, any statute.

Section 89, Ch. 23, Revised Codes of Territory of Dakota (1883) said:

*Consideration of account.* Whenever an account, claim, or demand against any town or county shall have been verified in the manner prescribed in this act, the board of officers to whom the same shall be presented may re-

ceive and consider the same, and may allow or disallow the same in whole or in part, as to such board or officers shall appear just or lawful, saving to such claimants the right of appeal.

**3.** Section 1907 of the Revised Statutes of the United States, which was part of the Organic Act of the Dakota Territory, said that "the judicial power in Dakota * * * shall be vested in a supreme court, district courts, probate courts, and in justices of the peace." *Spencer*, 33 N.W. at 98.

appeal from a denial is not a claimant's exclusive remedy.

The county argues that *Spencer* is not controlling because a 1989 amendment to NDCC 21–05–07 specified a claimant's right to appeal "in accordance with the procedure provided in section 28–34–01."[4] NDCC 28–34–01 was enacted to govern the procedures for "any appeal provided by statute from the decision of a local governing body." However, NDCC 28–34–01 only creates "uniform procedures for appeals from the decisions of local governing bodies" and does not redefine when an appeal must be taken. Report of the North Dakota Legislative Council to the Fifty-first Legislative Assembly, 1989, p. 141. The amendments to NDCC 21–05–07 and 28–34–01 do not say that an appeal is the exclusive remedy for the denial of a claim by a county.

The county nevertheless contends that modern development of the law of administrative res judicata requires a different result from *Spencer.* We disagree.

▪ The judicial doctrine of res judicata means that a valid, existing, and final judgment from a court of competent jurisdiction is conclusive against the parties and their privies on issues raised, or those that could have been raised and determined there. *Berdahl v. North Dakota State Personnel Board,* 447 N.W.2d 300 (N.D.1989). Res judicata and collateral estoppel may be applied to prevent collateral attacks on decisions of administrative agencies, too. *State v. Lang,* 463 N.W.2d 648 (N.D.1990); *Westman v. Dessellier,* 459 N.W.2d 545 (N.D.1990); *Vanover v. Kansas City Life Insurance Co.,* 438 N.W.2d 524 (N.D.1989); *Berdahl; Amerada Hess Corp. v. Furlong Oil & Minerals Co.,* 348 N.W.2d 913 (N.D. 1984); *Transportation Division of Fargo Chamber of Commerce v. Sandstrom,* 337 N.W.2d 160 (N.D.1983). Administrative

**4.** NDCC 28–34–01 says:

*Appeals from local governing bodies—Procedures.* This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2–04–11, 40–47–11, and 40–51.2–15. For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:

1. The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.

2. The appellee shall prepare and file a single copy of the record on appeal with the court. Within thirty days, or such longer time as the court by order may direct, after the notice of appeal has been filed in the court, and after the deposit by the appellant of the estimated cost of a transcript of the evidence, the local governing body shall prepare and file in the office of the clerk of the court in which the appeal is pending the original or a certified copy of the entire proceedings before the local governing body, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, exhibits, reports or memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the local governing body, and the decision of the local governing body in the proceedings. If the notice of appeal specifies that no exception or objection is made to the local governing body's findings of fact, and that the appeal is concerned only with the local governing body's conclusions based on the facts found by it, the evidence submitted at the hearing before the local governing body must be omitted from the record filed in the court. The court may permit amendments or additions to the record to complete the record.

3. If the court determines on its own motion or if an application for leave to adduce additional evidence is made to the court in which an appeal from a determination from a local governing body is pending, and it is shown to the satisfaction of the court that such additional evidence is material and that there are reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the local governing body, or that such evidence is material to the issues involved and was rejected or excluded by the local governing body, the court may order that such additional evidence be taken, heard, and considered by the local governing body on such terms and conditions as the court may determine. After considering the additional evidence, the local governing body may amend or modify its decision, and shall file with the court a transcript of the additional evidence together with its new or modified decision, if any.

res judicata is the judicial doctrine of res judicata applied to an administrative decision. *Berdahl.* However, use of the doctrine of administrative res judicata is more circumspect. Administrative res judicata depends upon the subject matter decided by the administrative agency, the purpose of the administrative action, and the reasons for the later proceeding.

An illustration of the more cautious application of administrative res judicata is our decision in *S.W. v. North Dakota Department of Human Services*, 420 N.W.2d 344 (N.D.1988). There, we limited the effect of a determination of paternity by a county social service board because it was incidental to the main purpose of the administrative action to identify eligibility for social service benefits. We directed that the determination of paternity "can have no res judicata effect for any other purpose."

The preclusive effect of an administrative decision is often hinged to considering the adequacy of a legal remedy before granting equitable relief. In *Amerada Hess*, for example, the plaintiff sued to enjoin a prior unappealed Industrial Commission decision allowing the defendants to use a well bore that had been drilled and plugged by the plaintiff. We held that an appeal of the administrative decision would have been an adequate legal remedy to contest the Industrial Commission decision. Because there was an adequate legal remedy, we held that the equitable relief of an injunction was inappropriate.

■ We sometimes give similar preclusive effect to decisions by local political subdivisions such as county commissions. *See Shark Brothers, Inc. v. Cass County*, 256 N.W.2d 701 (N.D.1977); *Olson v. Cass County*, 253 N.W.2d 179 (N.D.1977). Again, res judicata has only a limited application for these local determinations, depending on similar factors. For example, in *Olson*, the plaintiffs contested the proposed installation of a culvert next to their land by suing to enjoin an unappealed county commission decision allowing the installation of the culvert. We denied injunctive relief, holding that plaintiffs could not judi-

cially challenge the commission decision because an appeal would have provided an adequate legal remedy to contest the authorization of the culvert. Despite the similarity of the subject matter in the independent action in *Olson* and in the prior, unappealed commission decision, we recognized that if damages could be proved *after* the culvert was installed, the plaintiffs would be entitled to seek judicial relief in the form of monetary damages. The preclusive effect of a local body's decision, then, also depends on the subject matter, the purpose of the local body's determination, and the reasons for the later proceeding.

■ In this case, the commission's denial of United Hospital's claim did not impartially determine the county's legal obligation. Instead, the commission acted as an agent for the county and decided for its principal. There is no reason to give such a determination preclusive effect in a later proceeding.

In *Concannon v. Board of County Comm'rs of Linn County*, 626 P.2d at 799–800, the Kansas court of appeals quoted from an earlier Kansas supreme court decision that aptly explained this reason:

" 'A claim presented to the county commissioners is simply a claim presented to the county, and a refusal by them to pay it is simply a refusal of the county to pay it. And where a county refuses to pay a claim against it there seems to be no good reason why it may not be sued as well as any other corporation, or any individual, under like circumstances. It is true, that the county commissioners in some cases act in a kind of quasi judicial character, and when they do so act their determinations are final unless appealed from. *But when they allow or disallow a claim against their county—against their principal—they do not act in a judicial capacity. They are not then a court, acting impartially between two contending parties, but they are simply the agents of one of the parties, and acting for such party.*' " [Emphasis in original.]

We agree.

A county commission's refusal to pay a county's debt does not impartially deter-

mine whether the county is legally obligated any more than the refusal of a corporation to pay a debt determines whether that corporation is legally obligated. A county commission's refusal to pay a claim is not an impartial adjudication of the county's legal obligation that should be given any preclusive effect. We conclude that, when a county denies a claim against it, neither the claimant's failure to appeal from that denial nor administrative res judicata preclude the claimant from suing the county like any other corporation.

In this case, the merits of United Hospital's claim against the county have not been judicially determined. We therefore reverse the district court judgment and remand.

LEVINE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I concur in the result reached by the majority opinion. I write separately to explicate what I understand to be the limited effect of the majority opinion. In those instances in which there is a claim, contractual or quasi-contractual, against the county, which the county has refused to pay, the claimant may sue the county directly without appealing the denial of the claim. Insofar as the majority opinion adopts the rationale of the Kansas Court of Appeals in *Concannon v. Board of County Comm'rs of Linn County*, 6 Kan.App.2d 20, 626 P.2d 798 (1981), as applied to such claims against the county, I agree. Insofar as the majority relies on the language of the Kansas Court which may imply that only when the county commissioners act impartially between two contending parties are appeals the only permitted remedy, I do not agree. There may be other situations in which the county, much like an administrative agency, is more directly involved in a proceeding than merely acting as an impartial tribunal between two contending parties. *See, e.g.,* NDCC § 11–11–14 setting forth the powers of the board of county commissioners. I do not understand the majority opinion to hold that in those instances an appeal from the decision of the

county commissioners may be ignored and a suit against the county instituted by a person who feels aggrieved by the decision of the county commissioners.

Furthermore, if we were to apply only the holding in *Olson v. Cass County,* 253 N.W.2d 179 (N.D.1977), to this case I would affirm. In that case, which involved a suit for declaratory and injunctive relief against the county to prohibit the installation of a culvert, the court denied relief because of the availability of an appeal wherein the issue could be fairly litigated. The rationale that an appeal was an adequate remedy was based on the concept that the appeal would be heard "de novo." *See* section 11–11–43 prior to its amendment by 1989 N.D. Laws ch. 83 § 5. At that time, on appeal "de novo" from a decision of the board of county commissioners, the district court "heard testimony, received exhibits, and made its decision as it would in any trial to the court. The court reached its decision without regard to the findings and decision of the Board of County Commissioners." *Berger v. County of Morton,* 275 N.W.2d 315, 319 (N.D.1979).

Since that time, faced directly with the issue of the separation of powers doctrine and the prohibition against delegating to the judiciary duties which are essentially administrative in character, we have concluded that the Legislature cannot provide that the court should substitute its judgment for that of the board of county commissioners and we limited the "de novo" appeal, as applied to the judicial review of decisions of a board of county commissioners, to a trial to determine whether or not the board acted arbitrarily, capriciously or unreasonably. *Shaw v. Burleigh County,* 286 N.W.2d 792 (N.D.1979). Thus the appeal to the district court no longer involves the unfettered judicial review that was contemplated in *Olson, supra,* when this Court concluded that an appeal was the method wherein the issue would be fairly litigated. *See* NDCC § 11–11–43, as amended, and *Shaw, supra.* For this reason, I agree with the rationale of the Kansas Court, and the result of the majority in this case, for the limited purpose of litigat-

ing contractual or quasi-contractual claims against the county. But I do not believe the majority opinion should be read as impairing the requirement of an appeal in all instances in which the county commissioners are acting as more than an impartial tribunal.

*Trinity Hospital Association v. City of Minot,* 76 N.W.2d 916 (N.D.1956), may be distinguished. In that case the hospital and two doctors sought to recover from the city for professional services to a person brought to the hospital in the custody of a city police officer. The Court reversed the judgment for the plaintiffs and held that a police officer of a city has no power to create a liability against the city upon contract, express or implied, for medical services or hospital care furnished to a person in official custody. The Court concluded that persons furnishing such services or care may not recover from the city therefor in the absence of an agreement, acceptance or ratification on the part of the governing body and no recovery is permitted upon any theory of quantum meruit or implied contract. The issue of the nature of the remedy was not discussed by the Court. Although bills for the services were duly presented to the city council and disallowed pursuant to sections 40–01–12 and 40–01–13, NDCC, there is, contrary to the statutes governing counties, no provision for appealing the decision of the city council to district court.

Finally, I note there are lurking procedural questions which the majority opinion need not consider in this instance but which may well be the focus of appeal in other instances. Here there was a claim filed with the county by the hospital, a denial of the claim by the county, followed by a suit against the county by the hospital. Is the filing of a claim and a denial thereof a condition precedent to institution of suit against a county? If, as here, a claim is filed and denied, may the claimant pursue an appeal as well as file an independent action against the county and take the most favorable decision of the two proceedings? Although I assume the answer to both questions is No, they have not been determined in this case.

ERICKSTAD, C.J., concurs.